M. D. HAMME ET AL. v. J. G. JACKSON AND GASTONIA MUTUAL BUILD-
ING AND LOAN ASSOCIATION.

(Filed 29 April, 1936.)

APPEAL by plaintiffs from *Hill, Special Judge,* and a jury, at December Civil Term, 1935, of GASTON. No error.

This is an action for injunctive relief, brought by plaintiffs against defendants J. G. Jackson, trustee of defendant Building and Loan, and the Gastonia Mutual Building and Loan Association, to restrain them from selling certain land in controversy. The plaintiffs filed complaint on 29 January, 1935. The defendants answered denying the material allegations of the complaint. Plaintiffs filed an amended complaint on 21 September, 1935. Defendants denied the material allegations of the amended complaint. J. L. Hamme was made a party to the action, with his wife, M. D. Hamme. The injunction was continued to the hearing.

The issues submitted to the jury indicate the controversy, and their answers thereto were as follows:

"1. In what amount, if any, as of 2 December, 1935, is due the defendants under the deed of trust referred to in the answer and recorded in Book 267, page 246, of the office of the register of deeds for Gaston County? Answer: '$2,298.27.'

"2. Are the plaintiffs and their predecessors in title in default with respect to the payment of the indebtedness referred to in the deed of trust? Answer: 'Yes.' "

The court below rendered judgment on the verdict. The plaintiffs made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be considered in the opinion.

*J. L. Hamme for plaintiffs.*
*Cherry & Hollowell and J. W. Timberlake for defendants.*

PER CURIAM. The first question involved, as stated by plaintiffs: "Was there error on the part of the lower court in instructing the jury as to the amount that their answer should be, in answer to the only issue submitted to the jury by the lower court?" We think not.

We have read the record and briefs with care, and on the record and all the evidence in the case we think the plaintiffs have no cause of action against the defendants, and the judgment of the court below is correct.

(1) On 1 December, 1930, L. L. McLean and wife executed to E. G. McLurd, trustee for Gastonia Mutual Building and Loan Association, a

deed in trust, duly recorded to secure a loan of $2,500. Note for $2,500 credit 2/13/1931 of $500. (2) On 26 September, 1932, there was an agreement entered into under seal between L. L. McLean, Thelma McLean, J. L. Hamme, M. D. Hamme, and E. G. McLurd, trustee. This agreement, in part, is as follows: "The parties of the first part further agree to give and do hereby give to the parties of the second part an option or privilege to buy said property at the expiration of said rental term for the sum of $3,000, provided said rental payments have been made regularly as agreed, and to accept in payment for same the sum of $30.00 per month to be paid on 30 shares of the capital stock of said Gastonia Mutual Building and Loan Association, including interest, on Series Special 10-32, which begins on 1 October, 1932, until the maturity of said stock shall have liquidated and paid the purchase price of $3,000. . . . It is understood and agreed by all parties that if within the 18 months period of this lease any default is made in the payment of the rental of $30.00 per month for a period of 30 days after the expiration of the month for which said payment was due, then this contract, in so far as it relates to a sale or an option for the sale of said property, shall be null and void and all payments made will be considered as rent and as liquidated damages for the use of said property, to be retained by said parties of the first part." (3) On 12 April, 1933, L. L. McLean and wife made a deed, duly recorded, to J. L. Hamme and wife, M. D. Hamme, the plaintiffs. This was a warranty deed "that they are seized of said premises and have right to convey in fee simple; that the same are free and clear from all encumbrances, and that they do hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever."

J. L. Hamme testified, in part, that he agreed to pay McLean $3,000 for the property over a period of 100 months. On 1 May, 1934, he found there was a judgment against the property. At the time he took the property under the option there was due the Building and Loan Association, on 13 February, 1931, $2,000, and on 22 December, 1935, there was due the Building and Loan Association a net balance of $2,298.27.

The plaintiffs contend that when they obtained the option agreement and deed to the property, there was a judgment against L. L. McLean and taxes, and the total outstanding liens amounted to $589.70. Before paying the amount of $3,000 they contracted to pay McLean less the lien due the Building and Loan Association, they could have kept back the surplus over what McLean owed the Building and Loan Association to pay the liens.

The plaintiffs entered into the possession of the house and lot and have continuously occupied the same since 1 October, 1932, or to the

date of 1 April, 1936, for a total period of 43 months, and are still occupying said premises. That during such 43 months and more, the plaintiffs have paid the total sum of $294.00, or an average monthly rent of less than $6.83 per month. Nothing has been paid or offered to be paid since 26 January, 1934. It appears that plaintiffs have been in default since the third month of their rental contract, and have never paid any property taxes levied on the property in question and have not expended anything for fire insurance premiums to protect said property.

The plaintiffs contend that E. G. McLurd (who is now dead) made certain fraudulent representations that there were no liens on the property. We do not think the charge of fraud is sufficiently pleaded. *Hawkins v. Carter,* 196 N. C., 538 (540). If the fraudulent allegations were sufficient, the evidence does not sustain same. The plaintiff J. L. Hamme testified, in part: "In answer to your question, 'You are not telling the jury that Mr. McLurd would make a false statement?' I would say, 'No, I'm not telling the jury that Mr. McLurd would make a false statement about anything.'"

The court below charged the jury, in part, as follows, which we think correct: "All evidence tends to show that plaintiffs are in default, and the court instructs you, if you believe the evidence and find the facts to be as testified to by the witnesses, your answer to that issue would be 'Yes.' (So, as to the first issue, if you believe the evidence and find the facts to be as all the evidence tends to show, it would be your duty to answer the first issue '$2,298.27'), and the second issue, if you believe and find the facts to be as the evidence tends to show, you will answer the second issue 'Yes,' in the affirmative."

The other matters complained of by plaintiffs, we think, were in the sound discretion of the court below, and we see no abuse of discretion. On the record we see no prejudicial or reversible error.

In the judgment of the court below, we find

No error.