WALKER, J., concurring in result; CLARK, C. J., dissenting. *Page 667 
Action to recover land. The plaintiffs are the devisees of Nancy Butler, and the defendants are the devisees of David Butler, her husband. Nancy Butler was the owner in fee of said land prior to 3 August, 1912, and on that day undertook to convey the same to her said (585) husband, David Butler, by deed which was duly acknowledged and the private examination properly taken, except that John J. Gatling, justice of the peace, who took said probate, failed to certify that said conveyance was not unreasonable and not injurious to the wife. Both Nancy and David Butler died prior to 25 March, 1915, Nancy having died first.
When the case was called for trial, and as soon as the plaintiffs had announced their readiness, counsel for the defendant stated to the court that the controversy would depend upon the construction of a certain deed, with probate, from Nancy Butler to her husband, David Butler, and the plaintiffs' counsel agreed to that proposition. It was thereupon made to appear through counsel for the defendant that on the morning the case was called for trial the defendant, without any notice to or knowledge of the plaintiffs or their counsel, had secured from J. J. Gatling, who is still a justice of the peace in Gates County, a new certificate and had had the deed with this new certificate reregistered in Book No. 68, page . . ., in the register of deeds' office of Gates County. The new certificate and probate are as follows:
CERTIFICATE OF JOHN J. GATLING.
NORTH CAROLINA — Gates County.
I, John J. Gatling, a justice of the peace for the said county, hereby certify that Nancy Butler on 3 August, 1912, personally appeared before me, and duly acknowledged the execution of the foregoing deed, and she, the said Nancy Butler, being by me privately examined, separate and part from her said husband, David Butler, touching her voluntary execution of the same, doth state that she executed the same freely and voluntarily, without fear or compulsion on the part of her said husband or any other person, and that she doth still voluntarily assent thereto.
I further certify that upon said examination, and upon a careful examination of the facts, causing the said execution, it doth appear to my satisfaction that the said Nancy Butler freely executed the said deed and freely consented thereto, at the time of her said separate examination, and that the said conveyance is not unreasonable or injurious to her, the said Nancy Butler, which said conclusion I hereby certify as *Page 668 
having been duly and carefully made concerning all the facts surrounding the execution and cause thereof.
Witness my hand and seal, this 25 March, 1915.
 (Seal) JOHN J. GATLING, Justice of the Peace.
The court held as matter of law that the deed as first certified, probated and recorded was void and passed no title. The defendant (586) excepted. The court further held, under the facts as stated, the deed with the new certificate and probate passed no title. Defendant excepted. The court rendered judgment in favor of the plaintiffs, to which defendant excepted and appealed.
It is provided by section 2107 of the Revisal that "no contract between a husband and wife made during coverture shall be valid to affect or change any part of the real estate of the wife or the accruing income thereof for a longer time than three years next ensuing the making of such contract, . . . unless such contract shall be in writing and be duly proved as is required for conveyances of land; and upon the examination of the wife, separate and apart from her husband, as is now or may hereafter be required by law in the probate of deeds of femes covert, it shall appear to the satisfaction of such officer that the wife freely executed such contract and freely consented thereto at the time of her separate examination, and that the same is not unreasonable or injurious to her."
This statute has been held to be constitutional in Sims v. Ray,96 N.C. 87; Long v. Rankin, 108 N.C. 337; Kearney v. Vann, 154 N.C. 319, and at the last term the deed of a wife to her husband, duly acknowledged and with private examination properly certified, was held invalid inSingleton v. Cherry, 168 N.C. 402, by the unanimous opinion of the Court, because of the fact that the officer taking the probate failed to certify that the making of the deed was not unreasonable and not injurious to the wife.
The Court said in the first of these cases: "It will be seen from a glance at the deed from Mary Ray to the defendant (her husband) that the requirements of the statute have not been observed. There is no finding that the execution of the deed is not unreasonable or injurious to the wife, and no conclusion in relation thereto certified by the officer. Our conclusion is that the deed from Mary Ray to the defendant is not valid"; in the second, "Ordinarily, where a conveyance of a feme covert *Page 669 
is alleged, it will be presumed, upon demurrer, that it is valid and effective, but where a conveyance by the wife to the husband is made the basis upon which equitable relief is asked, the rule is different, on account of her general legal incapacity to make such a conveyance (Sims v.Ray, 96 N.C. 87), and it is therefore necessary that it should affirmatively appear, in a case like the present, that the provisions of the Code, secs. 1835 and 1836 (now Rev., sec. 2107), have been strictly complied with," and in the last, "The other deed of Cornelia Cherry to her husband, under which the defendants claim, has the ordinary privy examination in due form, but the provisions of Revisal, (587) section 2107, have not been complied with. This section requires certain findings and conclusions of the probate officer to be made with reference to contracts between the wife and husband in relation to her separate property. While the act of 1911, chapter 109, known as the Martin Act, provides that a married woman may contract and deal so as to affect her real and personal property as if she were a feme sole, it excepts contracts between herself and her husband. We are of opinion that in a conveyance of the landed estate of a wife by herself to her husband, the requirements of section 2107 must be observed."
The earliest of these decisions was written in 1887, and the latest six months ago, and they cannot be said to be the utterances of judges who belonged to a ruder age and who believed in the incompetence of woman.
Rather let it be said that these judges, recognizing the gentler qualities of woman, and knowing how she may be influenced to her own hurt when her affections are enlisted, have determined to give force and vitality to a statute designed, not for her enslavement, but for her protection.
These cases also hold that deeds are embraced in the term "contracts" used in section 2107 of the Revisal, but it ought not to require citation of authority to show that a deed is an executory contract until delivered, and that after delivery it becomes an executed contract.
The case of Rea v. Rea, 156 N.C. 526, has never been an authority for the position that the section of the Revisal (2107) does not include deeds, because there were two dissenting judges, and Associate Justice Walker, who concurred in the judgment, did so upon the distinct ground that the subject-matter of the action was a gift of personalty, and therefore not a contract, and he clearly recognized the application of the statute to deeds from the wife to the husband.
That this is the correct view of the case is put beyond question by the decision in Singleton v. Cherry, supra, where the Court said, all the members agreeing thereto: "It is a mistake to suppose that the case of *Page 670 Rea v. Rea, 156 N.C. 530, relied upon by the defendant, applies to the facts of this case, or is any authority that, in the conveyance of real property by the wife to the husband, the provisions of the statute, Revisal, 2107, are dispensed with."
The Martin Act, chapter 109, Public Laws of 1911, has no bearing upon the question before us, because it is written in the face of the act that it is subject "to the provisions of section 2107 of the Revisal," and this is also held in the Singleton case, in which the Court said, speaking of a deed from wife to husband: "We do not think that the Martin Act intended, in such a transaction between the husband and wife, (588) that the safeguards provided by the statute for the protection of married women should be set aside."
It would seem, therefore, that the validity of the statute as a constitutional exercise of legislative power and its application to deeds cannot be further questioned, and if valid, the paper-writing relied on by the defendants as a conveyance, standing alone on the certificate of probate of 1912, has no legal effect, as there is no finding by the officer purporting to take the probate that the conveyance is not unreasonable and not injurious to the wife.
The learned counsel for the defendant concede this to be true, but insist that the certificate of 1915 complies fully with the statute, and that it cures the defect in the certificate of 1912.
There is much conflict of authority as to the power of a judicial officer to amend his certificate of probate after the instrument he is probating has passed from his hands, but it seems that the weight of authority is against the exercise of the power. (1 Devlin on Deeds, sec. 539 et seq.) and all agree that it is a power fraught with many dangers. The higher judicial tribunals are not permitted to correct their records without notice to the parties and without an opportunity to be heard, and if the position of the defendant can be maintained, a justice of the peace, who has no fixed place for the performance of his official duties, may at any time, and when parties cannot be heard, change his certificate of probate and materially affect the titles to property.
Counsel for plaintiff and defendant in this case bear testimony to the high character of the justice of the peace who made the certificate of 1912 and 1915, but we are dealing with a principle that affects all judicial acts relating to probates, and not with his acts alone. If, therefore, we were inclined to admit that the power exists, we would not recognize it except when it is made clearly to appear that the later certificate was merely reducing to writing in the form of a certificate his official acts done at the time of the completion of the first certificate, and this does not appear from the certificate of 1915. *Page 671 
On the contrary, he does not confine his certificate and adjudication to the examination of the wife separate and apart from her husband, as required by the statute, but he relies also upon an examination of all the facts surrounding the execution of the deed, without stating that he ascertained these facts in 1912, and concludes that "it doth appear to my satisfaction that the said conveyance is not unreasonable or injurious to her." When does this appear and when does he conclude that the conveyance is not unreasonable or not injurious? The language deals with the present and not with the past, and the natural construction is that he reached this conclusion at the time of making his certificate on 25 March, 1915. If not, why was not this included in the certificate of 1912? The remainder of the certificate of that date is in regular (589) form, and gives evidence of the acts of an official of some experience, and he then knew that it was necessary to adjudicate that the conveyance was not unreasonable, and not injurious to the wife, and he did so adjudicate at that time, he would have included it in his certificate.
We therefore conclude that the certificate of 1915 is not an attempt to amend the certificate of 1912, and that it is a new and original certificate, and as such it can give no force and vitality to the deed because, if otherwise valid, both the grantor and the grantee were then dead. Neal v. Nelson, 117 N.C. 406; Thompson v. Lumber Co., 168 N.C. 229.
A deed passes no title unless delivered in the lifetime of the grantor (1 Devlin on Deeds, sec. 260), and it must be complete at the time of delivery. 1 Devlin on Deeds, sec. 310; McKee v. Hicks, 13 N.C. 379.
Affirmed.