J. B. HAWKINS v. W. C. CARTER.

(Filed 23 January, 1929.)

**1. Contracts—Rescission or Abandonment—Rescission for Fraud.**

> Where a party enters into a contract to take over and complete the building of a highway, and upon setting about the completion of the highway discovers fraud in the procurement of the contract in misrepresentations as to the conditions of the highway, etc., he must rescind the contract upon the discovery of the fraud, and he cannot proceed under the contract and complete the highway and thereafter sue to rescind the contract for fraud in the procurement, and for his damages.

**2. Election of Remedies—Contracts—Fraud.**

> A party may not elect his remedy and sue upon a contract and thereafter bring an action to rescind the contract for fraud in the procurement.

APPEAL by defendant from *Harding, J.,* at ................ Term, 1928, of MECKLENBURG. Reversed.

W. C. Carter, the defendant in this action, brought an action against J. B. Hawkins, the plaintiff in this action, in Alamance County, N. C. The summons was issued on 29 January, 1927, and duly served 31 January, 1927, and complaint was filed the same day. The action was for the recovery of $1,500, balance due on contract. The defendant in that action denied owing the $1,500; set up a different agreement in regard to the same transaction. That it was a road contract on which $1,000 was paid and the additional sum of $1,500 would be paid "if the defendant could make any reasonable profit on said contract. . . . When the building of said section of road was completed." That defendant completed the road, and not only made no profit, but lost a large sum of money. This action was pending in Alamance County, N. C., on 8 November, 1927, when J. B. Hawkins instituted an action in the Superior Court of Mecklenburg County, N. C. The summons was duly served and complaint filed charging W. C. Carter with fraud growing out of the same transaction. This aspect will be considered in the opinion. Before the time to answer had expired, the defendant, W. C. Carter, filed a demurrer, which, by consent of the parties, was treated as a motion to dismiss, as follows:

"For the reason that there is another action pending between the same parties for the same cause in General County Court of Alamance County, a court with concurrent jurisdiction with the Superior Court."

On the motion to dismiss W. C. Carter filed the record in the action in Alamance County, showing the summons, when issued and served, complaint and answer, the pendency of the action.

The court below rendered judgment overruling the motion to dismiss. The defendant excepted, assigned error and appealed to the Supreme Court.

*J. D. McCall and J. F. Newell for plaintiff.*
*T. C. Carter and McLendon & Hedrick for defendant.*

CLARKSON, J.  May a defendant, who is sued on a contract, file an answer denying the contract as alleged, and set up a different version of the contract as a defense, and then while that action is pending maintain a separate action, in a different county, against the plaintiff in the first action as defendant, claiming damages for alleged fraud in the procurement of the contract, when he knew all the working conditions of the highway, and with this knowledge he did not rescind, but completed the contract? Under the facts and circumstances of this case, we think not.

In the Alamance County action J. B. Hawkins, defendant in that action, in his answer, says: He "agreed to take over the contract which

the plaintiff (Carter) had with the South Carolina State Highway Commission for the construction of a section of highway in Florence County, South Carolina, *and to pay the plaintiff the sum of $1,000 for said contract; and, further, if the defendant could make any reasonable profit on said contract, to pay the plaintiff an additional sum of $1,500 when the building of said section of road was completed."* In his complaint in the case commenced by him in Mecklenburg County, he alleges the contract to be as follows: "That relying upon the representations made to him by the defendant, the plaintiff did agree to take over the contract, and at that time *agreed that if the profit was in the work as represented by the defendant, that he would pay him the sum of $2,500; that relying upon said representations and acting upon same, the plaintiff did pay the defendant the sum of $1,000 at the time he made the agreement to take over the contract with the understanding with the defendant that the conditions surrounding the work to be done were as he had represented."* Other allegations, not material for the consideration of the case, were made and the prayer was for damages in the sum of $7,500.

In the complaint in the action in Mecklenburg County we do not think actionable fraud will lie; the interesting questions presented do not arise on the record, as to election of remedies and actionable fraud after suit on contract.

In Pollock on the Law of Torts (1923), (12 ed.), p. 283-4, the rule is well stated: "To create a right of action for deceit there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must occur: (a) It is untrue in fact. (b) The person making the statement, or the person responsible for it, either knows it to be true, or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not. (c) It is made to the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it. (d) The plaintiff does act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffers damage." *Corley v. Griggs,* 192 N. C., at p. 173; *Stone v. Milling Co.,* 192 N. C., 585.

In *Hoggard v. Brown,* 192 N. C., at p. 496, it is said: "It is established law in this State that, in pleading fraud, the facts constituting fraud must be clearly alleged in order that all the necessary elements may affirmatively appear. *Nash v. Hospital Co.,* 180 N. C., 59; *Lanier v. Lumber Co.,* 177 N. C., 200; *Colt v. Kimball,* 190 N. C., 169."

The plaintiff in the present action took over the highway and completed it. He became well aware of the conditions surrounding the work and undertook and completed it with full knowledge. Based on

the knowledge acquired he did not rescind the contract, but completed the job. After seeing, he relied on his own judgment and cannot now be heard to complain of the alleged fraud.

The principle is well settled in 9 R. C. L., at p. 965-6: "In accordance with the principles governing election of remedies or remedial rights, if a person is entitled to rescind a contract on the ground of fraud he loses his right if, after knowledge of all the facts, he brings an action to enforce the contract; or, if, on the other hand, he sues to obtain a rescission of the contract for the fraud, he cannot bring an action upon it as an existing obligation. This right to rescind a contract for fraud must be exercised immediately upon its discovery, and any delay in doing so or the continued employment, use and occupation of the property received under the contract will be deemed an election to affirm it. But if the positions with respect to the fraud are not inconsistent, and the plaintiff has taken no advantage and caused no prejudice to the rights of the defendant through one action, he is not precluded thereby from choosing another form of remedy. So the mere filing of a complaint for rescission will not preclude an amendment of the complaint so as to demand damages on account of the same fraud. On the breach of a contract, an election to sue upon it or to rescind it waives the right to assert the respectively inconsistent rights of suing to obtain a rescission or to assert any claims arising on it. Nor can a party who has elected to sue upon a written contract as it is, and has been defeated, thereafter bring an action to reform the contract."

In *Patton v. Fibre Co.,* 194 N. C., at p. 768, it is said: "It is well settled that one cannot secure redress for fraud where he acted in reliance upon his own knowledge or judgment based upon independent investigation." *S. v. Mayer, ante,* 454.

Defendant in the present action did not demur; to do so the pendency of the former action must appear on the face of the complaint. *Allen v. Salley,* 179 N. C., 147.

Grounds not appearing on the face of the complaint, the objection may be taken by answer. C. S., 517. *Allen v. Salley, supra,* at pp. 150-1. The motion to dismiss was accompanied with the record in the Alamance County action. We think it too technical to say that it was not sufficient. It was practically a plea by answer. It set up facts, the summons, complaint and answer in the Alamance County action, and moved to dismiss. For the reasons given, the judgment below is

Reversed.