WACHOVIA BANK & TRUST COMPANY v. PEACE BROADCASTING CORPORATION, JOSEPH M. WHITEHEAD AND WIFE, ELIZABETH W. WHITEHEAD, CLAUDE S. WHITEHEAD AND WIFE, VIRGINIA H. WHITEHEAD, FLOYD M. FOX, JR. AND WIFE, RITA R. FOX

No. 768SC746

(Filed 6 April 1977)

1. **Rules of Civil Procedure § 56— summary judgment — findings of fact**

Summary judgment is improper if findings of fact are necessary to resolve an issue as to a material fact; however, action by the trial judge in making findings of fact was not error where his findings were merely a summary of the material facts not in issue which he thought justified the entry of summary judgment.

**2. Bills and Notes § 20— action on note — default in payment — summary judgment**

In an action to recover on a promissory note endorsed by individual defendants, there was no genuine issue of fact as to whether the note was in default on 23 July 1975 when the suit was commenced, and summary judgment was properly entered for plaintiff, where an examination of the terms of the note and the uncontradicted affidavits offered by plaintiff as to payments show that the note was in default on that date, and where defendants offered no material in support of their allegation that the note was paid through October 1975 and failed to utilize G.S. 1A-1, Rule 56(f) or to point out specific areas of impeachment and contradiction in plaintiff's affidavits.

**3. Attorney and Client § 9; Bills and Notes § 20— action on note — taxing attorney's fees against endorsers**

The trial court properly taxed attorney's fees for collection of a note against endorsers of the note since (1) the note itself clearly extended the duty to pay attorney's fees to "all parties" and to "the undersigned," which include endorsers, and (2) G.S. 6-21.2 contemplates such liability on the part of endorsers since it provides for the giving of notice to endorsers by the holder or his attorney that the provision for attorney's fees, in addition to the outstanding balance, shall be enforced.

APPEAL by individual defendants from *Small, Judge.* Judgment entered 15 June 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 16 February 1977.

This case involves a civil action commenced by plaintiff on 23 July 1975 to recover the balance due on a promissory note executed by the corporate defendant and endorsed by the individual defendants. The complaint alleged that, as of 21 July 1975, the defendants were jointly and severally liable to plaintiff for the outstanding balance of $20,846.43, together with interest and attorney fees, on a $25,000 note executed by defendants in favor of plaintiff on 30 October 1974. It was further alleged that demand was made on defendants for payment of the outstanding balance plus attorney fees on 3 June 1975, after which defendant made one payment but failed to pay the balance outstanding.

The individual defendants answered admitting their endorsement of the note, the making of the loan by the plaintiff, and the failure and neglect of the corporate defendant to pay the note. They alleged, however, that they had made payments on the note through October 1975. In its answer, the corporate defendant admitted the execution of the note and its default.

On 14 May 1976 plaintiff moved for summary judgment against the individual defendants. Its motion was supported by two affidavits, one by plaintiff's vice-president and one by plaintiff's collection manager. These two affidavits, when taken together, stated that the note endorsed by defendants called for 28 monthly installments of $1,033.52 beginning 15 December 1974 with interest at 12%; that between 18 December 1974 and 19 September 1975, $10,373.68 in payments were made by defendants but no payments were made between January and May 1975; that on 11 March 1975 individual defendants, as endorsers, were notified of corporate defendant's default; that on 2 May 1975 the note was referred to plaintiff's attorney for collection; that suit was commenced on 23 July 1975 after which defendants made the August and September payments; that when no October payment was received, plaintiff refused to make further extensions to defendants; and that as of 31 July 1975 the sum owing on the note was $20,846.43 and as of 1 May 1976 the sum owing on the note was $18,375.29.

Defendants filed no response to plaintiff's motion for summary judgment and affidavits.

The court granted summary judgment in favor of plaintiff after making findings of fact based upon the facts admitted in the pleadings and stated in plaintiff's affidavits. It ordered payment by defendants of $18,375.29 plus interest from 1 May 1976 and $3,670.05 in attorney fees. Defendants appealed.

*Smith, Everett & Womble, by W. Harrell Everett, Jr., for the plaintiff.*

*Freeman & Edwards, by George K. Freeman, Jr. and James A. Vinson III, for the defendants.*

MARTIN, Judge.

[1] We repeat again what we have said many times, that, in passing upon a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, the court does not decide facts but makes a determination as to whether an issue which is germane to the action exists. *Leasing, Inc. v. Dan-Cleve Corp.*, 31 N.C. App. 634, 230 S.E. 2d 559 (1976); *Furst v. Loftin*, 29 N.C. App. 248, 224 S.E. 2d 641 (1976). If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. *Leasing, Inc. v. Dan-Cleve Corp., supra; Insurance*

*Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975). However, the action by the trial judge in making findings of fact in the instant case was without error since his stated findings were merely a summary of the material facts not at issue which he thought justified entry of judgment. See *Insurance Agency v. Leasing Corp., supra.*

Defendants contend the trial court erred in granting the plaintiff's motion for summary judgment because there existed genuine issues as to material facts. In ruling on this motion, the trial court made and entered into the record detailed "findings of fact." Defendants assign error based on exceptions to a number of these findings.

**[2]** In particular, one of defendants' arguments is that there was a material issue of fact as to whether the note was in default on 23 July 1975. However, the allegations in plaintiff's complaint and the admissions in defendants' answer establish (1) the execution and delivery of the promissory note endorsed by defendants (appellee's exhibit A); (2) issuance of a check for $25,000 in consideration thereof to the maker; (3) the failure of the maker to pay the indebtedness; and, (4) the demand upon defendants, as endorsers, for payment of the entire balance. The affidavits of the plaintiff show seven payments on the note and the amounts thereof. From an examination of the terms of the note and from the uncontradicted evidence offered as to payments, it is clear the note was in default on 23 July 1975.

The defendants failed to produce any counter-affidavits or other evidentiary matter concerning payments except to allege in their answer that they made payments on the note through October 1975. No other evidence was offered to support their allegations. Section (e) of Rule 56 clearly states that unsupported allegations in the pleadings of a non-moving party are insufficient to create a genuine issue of fact where the moving adverse party supports its own motion for summary judgment with allowable evidentiary matter showing the facts to be contrary to those alleged by the non-moving party's pleadings. *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970); G.S. 1A-1, Rule 56(e).

The defendants failed to offer any material supporting their opposition to the affidavits of plaintiff's employees upon which the plaintiff's motion was based in part. In addition, they

failed to utilize Rule 56(f) or to point to specific areas of impeachment and contradiction in the plaintiff's affidavits.

Our Supreme Court has established that summary judgment may be granted for

> " . . . a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56.(f) ; and (3) when summary judgment is otherwise appropriate." *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976).

Having applied the foregoing principles to all the issues of fact alleged by defendants in the instant case, we conclude that the granting of the plaintiff's motion for summary judgment was proper. This assignment of error is therefore overruled.

[3] Defendants next contend the court erred in taxing attorney fees for collection against defendants. They argue that defendants were endorsers of the note and no other words appear which would enlarge their contract as endorsers. They cite the case of *Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E. 2d 752 (1972) as authority for their position. This case dealt with whether guarantors of a note were liable under G.S. 6-21.2 for attorney fees incurred by the creditor in an action on a guaranty contract when the separate guaranty contract contained no provision for the payment of attorney fees. The Court held that a guarantor was not liable for attorney's fees under G.S. 6-21.2. However, that case involved *guarantors* and is distinguishable from the present case which involves *endorsers*.

In the *Credit Corp.* case, the guaranty agreement contained no provision for collection of fees but contained only a provision to pay the debt. In the case at bar, however, there was a provision in the note that "[a]ll parties hereto shall be jointly and severally liable for the payment of the obligation evidenced hereby." This provision clearly extends the duty to pay attorney's fees to the endorsers since "all parties" is defined in the note to include endorsers as well as sureties and guarantors. Moreover, one of the obligations evidenced by the note is that "the undersigned promise(s) to pay all costs of collection, including such reasonable attorney's fees as may be allowed by

law." Furthermore, G.S. 6-21.2 contemplates such liability on the part of endorsers since it provides for the giving of notice to endorsers by the holder or his attorney that the provision for attorney's fees, in addition to the outstanding balance, shall be enforced. According to the pleadings, such notice was given in this case.

Additionally, *Credit Corp. v. Wilson, supra*, is inapplicable because it involved guarantors whose liability was based upon a contract separate from the note. In the instant case the note is the basis of plaintiff's claim and it clearly incorporates a provision for payment of attorney's fees by the endorsers.

Finally, defendants contend that, even if they are liable for attorney's fees, the court erred in awarding such fees in the amount of $3,670.05. Since the note does not specify the amount of attorney's fees in any particular percentage, G.S. 6-21.2(2) and (3) govern. These statutes provide for attorney's fees of 15% of the principal and interest owing at the time suit is instituted. Fifteen percent of $20,846.43, the amount prayed for in plaintiff's complaint, is $3,126.97, not $3,670.05. Plaintiff agrees that the the amount of attorney's fees awarded should be modified to $3,126.97 due to a mathematical error. We agree.

Modified and affirmed.

Judges MORRIS and VAUGHN concur.