WENDELL HOLMES MURPHY, SR. v. EMILY WYNELLE MURPHY

No. 774DC64

(Filed 21 December 1977)

1. **Rules of Civil Procedure § 15— refusal to permit conforming amendment**
    The trial court did not err in refusing to allow defendant's amended answer tendered at the close of the evidence where the matters alleged therein were not material to the single issue before the court—the validity of a separation agreement executed by the parties.

2. **Husband and Wife §§ 4.1, 12.1— separation agreement—confidential relationship—presumption of unfairness—representation by attorney**
    Where the wife employs an attorney and, through him, deals with her husband as an adversary, the confidential relationship between husband and wife no longer exists, and there is no presumption of unfairness or that the

husband exercised a dominant influence over the wife in the execution of a separation agreement.

3. **Husband and Wife § 12.1— separation agreement—unfairness to wife—insufficiency of evidence**

The evidence was insufficient to justify unfairness to the wife as a ground for invalidating a separation agreement where it showed that the wife received $12,000 cash, the household and kitchen furniture, an automobile, and a house trailer and lot at the beach; the wife was represented by counsel; and the wife, as bookkeeper and secretary for many years of a corporation owned wholly by her husband and a corporation owned jointly by her husband and his father, had complete knowledge of the financial worth of the businesses.

4. **Husband and Wife § 12.1— separation agreement—duress or undue influence—insufficiency of evidence**

The evidence was insufficient to justify the setting aside of a separation agreement on the grounds of duress and undue influence by the husband where it tended to show that the wife was represented by able counsel; the husband told the wife that the agreement was temporary, that he needed the agreement to effect a loan, and that he loved her and would resolve any difficulties and resume marital relations; and the parties engaged in voluntary sexual relations on two or three occasions between the time of their separation and execution of the agreement.

5. **Husband and Wife § 12— separation agreement—reconciliation—sexual relations**

Defendant's evidence of sexual relations with plaintiff subsequent to the execution of a separation agreement, absent a showing that both parties had the intent to reconcile, was insufficient to show a reconciliation that would invalidate the executory portions of the separation agreement.

Judge MARTIN dissents.

APPEAL by defendant from *Crumpler, Judge.* Judgment entered 17 June 1976, District Court, DUPLIN County. Heard in the Court of Appeals 26 October 1977.

On 8 August 1973 plaintiff-husband filed for absolute divorce based on one year's separation. The parties had married on 23 May 1958, had had two children and had separated on 3 January 1972. They had executed a separation agreement dated 4 March 1972. Defendant-wife filed an answer and counterclaim followed by an amended answer and counterclaim, admitting the separation but alleging first, that the separation agreement was invalid because her consent had been obtained by fraud and undue influence and second, that the agreement had been rescinded by the conduct of the parties, who engaged in sexual relations since its execution.

The several issues were severed by the court when the case came on for trial, and trial was limited to the validity of the separation agreement. Two issues were submitted to the jury: (1) Was the separation agreement and property settlement dated 4 March 1972 a valid separation agreement when executed? (2) If so, was the separation agreement and property settlement dated 4 March 1972 terminated by the acts and conduct of the plaintiff and defendant? From judgment entered on jury verdicts in favor of plaintiff, defendant appeals.

*Vance B. Gavin and William E. Craft for plaintiff appellee.*

*Kornegay, Bruce & Rice by G. R. Kornegay, Jr., R. Michael Bruce and Robert T. Rice for defendant appellant.*

CLARK, Judge.

[1] At the close of all the evidence the defendant tendered another amended answer and counterclaim. The trial court allowed the second amended answer and counterclaim, including allegations not contained in the first amended answer and counterclaim to the effect that plaintiff induced her to sign the separation agreement by representing to her that the agreement was needed by plaintiff to effect a financing arrangement for his feed business, and that plaintiff represented that the agreement was temporary only because he loved her and the family would get back together. But the court denied so much of the tendered amendment as alleged that defendant was a student and had no income, that plaintiff had offered indignities to the person of the defendant, that plaintiff had not provided her with necessary subsistence, and that plaintiff had abandoned her. Defendant assigns this denial as error.

On motion of the plaintiff allowed by the court the trial below was limited to the question of the invalidity of the separation agreement raised by defendant's counterclaim. Defendant assigned as error this severance but abandoned the assignment by failing to discuss it in her brief. Rule 28, N.C. Rules of App. Proc., 287 N.C. 671, 741. Under these circumstances the denial by the court of the tendered paragraphs in defendant's amended answer and counterclaim was not error because the matters alleged (no income, indignities to the person, and failure to provide subsistence) were not material to the single issue before the

court, the validity of the separation agreement. Defendant attacked the separation agreement on the grounds of (1) duress and undue influence, (2) unfairness of the property settlement, and (3) resumption of marital relations and reconciliation. Conforming amendments under G.S. 1A-1, Rule 15(b) are within the sound discretion of the court and should not be allowed where they fail to support the action or defense upon the merits. *Magnolia Apts., Inc. v. Hanes*, 8 N.C. App. 394, 174 S.E. 2d 828 (1970); Shuford, N.C. Civ. Prac. and Proc., § 15-6.

There is some conflict in the evidence relating to the question of duress and undue influence on the part of the plaintiff in obtaining the execution of the 4 March 1972 separation agreement by defendant. It is admitted that the parties separated about 3 January 1972. Defendant testified that she ceased working as bookkeeper for the two corporations, one wholly owned by plaintiff and the other jointly owned by him and his father, about six months before the separation; that they were having trouble at the time, fusses and arguments. She did not disclose the nature of the trouble. Plaintiff testified on cross-examination that for six to eight months prior to the separation defendant's car was parked at the home of Milton Parker a majority of the time, that on the day of their separation her car was at his home all day, that she came home about 9:00 o'clock in the evening, that "[t]his is what our marital differences had been about over this whole period of time . . . . I couldn't stand it any longer."

Defendant employed a lawyer, Chris Blossom of Wallace, on 16 June 1971 some six months before the January 1972 separation. Blossom, called as a witness by plaintiff, testified that he represented defendant from that time until 21 March 1972 when he took the separation agreement to Vance Gavin, plaintiff's attorney in Kenansville, for execution by plaintiff. He prepared the separation agreement and negotiated the same with Mr. Gavin. Defendant signed the agreement after privy examination about two weeks before plaintiff.

[2]   Defendant relies on the confidential relationship of husband and wife. When this relationship exists, transactions between them to be valid must be fair and reasonable, and there is a presumption of unfairness. *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971); *Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968); 42 C.J.S., Husband & Wife, § 593, p. 172. But where the

wife employs an attorney and, through him, deals with her husband as an adversary, the confidential relationship between husband and wife no longer exists, and there is no presumption of unfairness or that the husband exercised a dominant influence over the wife. *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714 (1965).

The defendant-wife, having employed an attorney who prepared and negotiated the separation agreement, had the burden of proving that the agreement was unfair or was invalid because of duress and undue influence.

[3] The property settlement provisions of the separation agreement gave defendant-wife $12,000 cash, all of the household and kitchen furniture, a 1968 Oldsmobile Delta 88 automobile, and a house trailer and lot at Topsail Beach. The record on appeal does not reveal the value of the household and kitchen furniture, the automobile, or the trailer and beach lot. The evidence of the value of plaintiff's assets and net worth is conflicting. However, it is clear that defendant, as bookkeeper and secretary of the two corporations for many years, had complete knowledge of the financial worth of the businesses. Though she did not work in this capacity for eight or nine months before the separation agreement was executed, this time interval is not significant, there being no evidence of any circumstances that would result in any substantial change in the financial structure of the businesses. It is clear that defendant, who was amply represented by counsel, cannot prove the agreement was legally unfair merely by arguing that she obviously made a bad bargain. *See Tripp v. Tripp*, 266 N.C. 378, 146 S.E. 2d 507 (1966). We find the evidence insufficient to justify unfairness as a ground for invalidity of the agreement.

[4] Nor do we find convincing any evidence of duress and undue influence. Defendant's evidence that plaintiff told her the agreement was temporary, that he needed the agreement to effect a loan, that he loved her and would resolve any difficulties and resume marital relations are similar to the allegations of the plaintiff-wife in *Van Every v. Van Every*, 265 N.C. 506, 144 S.E. 2d 603 (1965), where the court held the allegations insufficient to support a claim of undue influence in view of her representation by able counsel in the separation agreement negotiations. In the case *sub judice* the defendant's evidence, including voluntary sexual relations on two or three occasions during the period of two

months from separation to the execution of the agreement, is insufficient to overcome the presumption of regularity. *McKaughn v. McKaughn*, 29 N.C. App. 702, 225 S.E. 2d 616 (1976).

**[5]** Defendant's evidence of sexual relations with plaintiff subsequent to the execution of the separation agreement, in the absence of any showing that both parties had the intent to reconcile, is not such reconciliation as to invalidate the executory portions of the separation agreement. *Cooke v. Cooke*, 34 N.C. App. 124, 237 S.E. 2d 323 (1977). "There must be a mutual agreement to be reconciled and a resumption of cohabitation as husband and wife." II Lee, N.C. Family Law, § 200, p. 423. In the case before us there is not evidence of such intent on the part of the plaintiff or of any mutual agreement to be reconciled.

In view of the insufficiency of the evidence to support unfairness, or undue influence, the defendant's assignments of error relating to the court's instructions and statement of contentions on these questions are without prejudice. We have carefully examined defendant's other assignments of error, and we find no abuse of discretion and no error by the court in its discovery orders and that the assignments are without merit.

It appears from the record on appeal that the intelligent and knowledgeable defendant sought and obtained the assistance of able counsel to represent her in drafting and negotiating a separation agreement, which defendant executed after privy examination, and that there is insufficient evidence to overcome the presumption that the agreement was fair, reasonable, and valid.

No error.

Chief Judge BROCK concurs.

Judge MARTIN dissents.