OTELIA L. KNIGHT v. WILLIAM LESTER KNIGHT

No. 8417DC1221

(Filed 20 August 1985)

1. **Divorce and Alimony § 30; Husband and Wife § 11— validity of separation agreement—bar to equitable distribution**

    The trial court's findings that plaintiff wife was not coerced into signing a separation agreement and was not under any other disability which would warrant setting aside the agreement supported the court's determination that the separation agreement was duly executed and a bar to plaintiff's petition for equitable distribution.

2. **Husband and Wife § 12.1— validity of separation agreement—finding of fairness not required**

    A separation agreement should be viewed today like any other bargained-for exchange between parties who are presumably on equal footing. Thus, in determining the validity of a separation agreement, the trial court is not required to make an independent determination as to whether the agreement is fair to the wife. G.S. 52-10; G.S. 52-10.1.

APPEAL by plaintiff from *McHugh, Judge.* Judgment entered 14 August 1984 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 4 June 1985.

*Benjamin R. Wrenn for plaintiff appellant.*

*Robinson and Murray by Norwood E. Robinson for defendant appellee.*

---

Knight v. Knight

---

COZORT, Judge.

Plaintiff and defendant were married on 26 November 1960. They separated on 1 January 1982, filing a deed of separation with the Rockingham County Register of Deeds 17 days later. That deed of separation provided for the distribution of all marital property. On 24 June 1983, plaintiff filed an action for divorce and for equitable distribution of the marital property. The defendant answered, pleading the deed of separation as a bar to the action for equitable distribution. The plaintiff's reply alleged that she was not in a stable mind when she signed the deed of separation; that she was not advised of the consequences of her action; that she was under the domination of her husband; and that the terms of the deed of separation were so one-sided as to "shock the conscience of the Court." In an order filed 14 August 1984, the trial court found the separation agreement to be valid and thus a bar to plaintiff's claim for equitable distribution. Plaintiff appealed.

Plaintiff's sole assignment of error is based on one exception to the entry of the judgment denying her request for equitable distribution. Under Appellate Rule 10(a), our standard of review is limited to whether the judgment is supported by the findings of fact and conclusions of law. *In re Rumley v. Inman*, 62 N.C. App. 324, 302 S.E. 2d 657 (1983).

[1] In its order of 14 August 1984, the trial court found, among other things, that the plaintiff was not under coercion or under other disabilities either before or at the time of the signing of the agreement; that plaintiff had ample opportunity to discuss the matter with her family or with an attorney and that she had decided she did not want to do so and wanted the property settlement exactly as in the agreement; that plaintiff is a high school graduate who is intelligent and articulate in her speech and manner; that she was fully cognizant and fully understood everything concerning the property settlement; that plaintiff stated that at the time she signed the deed of separation and executed the deed it was one of the happiest days of her life. In its conclusions of law, the trial court held the separation agreement to be duly executed and a bar to plaintiff's petition for marital distribution.

These findings and conclusions support the judgment entered. A valid separation agreement intended as a property set-

tlement bars any action for equitable distribution. *Dean v. Dean*, 68 N.C. App. 290, 314 S.E. 2d 305 (1984). Therefore, the conclusions of the trial court are in accordance with applicable law.

[2]  In her brief, the plaintiff argues that the entry of judgment in favor of the defendant, denying her request for equitable distribution, was in error because the trial court failed to independently determine whether the separation agreement of the parties was fair. The plaintiff relies on several cases which provide that, among the requirements for a valid separation agreement, it must be shown that the agreement is "reasonable, just, and fair to the wife—having due regard to the condition and circumstances of the parties at the time it was made." *Smith v. Smith*, 225 N.C. 189, 194, 34 S.E. 2d 148, 151 (1945). *See also Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968). However, "[f]ew, if any, North Carolina cases have permitted an avoidance of the contract on the ground of the agreement's being unfair to the wife." 2 R. Lee, N.C. Family Law Sec. 190 (4th ed. 1980).

The cases relied upon by the plaintiff were decided under G.S. 52-6 before it was repealed in 1977. This statute provided in pertinent part that no separation agreement between a husband and wife shall be "valid for any purpose, unless such contract or separation agreement is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land." The certifying officer was required to incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not said contract is "unreasonable or injurious to the wife." *Fletcher v. Fletcher*, 23 N.C. App. 207, 210, 208 S.E. 2d 524, 526 (1974).

At common law the wife by virtue of the marital relationship was presumed to be under the influence and control of the husband. *See Butler v. Butler*, 169 N.C. 584, 587, 86 S.E. 507 (1915). The purpose of the privy examination was to insure that the wife freely executed and consented to the terms of the agreement. *Smith*, 225 N.C. at 195, 34 S.E. 2d at 152. According to the *Butler* court, this statute governing contracts executed between a husband and wife was designed not for the wife's enslavement, but for her protection, "recognizing the gentler qualities of woman,

---

Knight v. Knight

---

and knowing how she may be influenced to her own hurt when her affections are enlisted." *Id.* at 587, 86 S.E. at 509.

This concept of women belongs to "a ruder age," *id.,* "a relic of times that no longer exist. Such times ended with the passage of married women's property statutes." 2 R. Lee, N.C. Family Law, *supra.* This change in thought is reflected in the fact that G.S. 52-6 has been repealed and G.S. 52-10 and G.S. 52-10.1, the current statutes governing contracts between husbands and wives and separation agreements, were enacted without providing women any extra protection not offered to men.

Therefore, a separation agreement should be viewed today like any other bargained-for exchange between parties who are presumably on equal footing. Thus, we hold that a trial judge is not required to make an independent determination as to whether the agreement is fair. Of course, a court of equity will refuse to enforce a separation agreement, like any other contract, which is unconscionable or procured by duress, coercion, or fraud. *See generally Brenner v. School House, Ltd.,* 302 N.C. 207, 274 S.E. 2d 206 (1981); *In re Estate of Loftin and Loftin v. Loftin,* 285 N.C. 717, 722, 208 S.E. 2d 670, 674 (1974).

In the present case, the trial court found as a fact that the plaintiff was not coerced into signing the separation agreement and was not under any other disability which would warrant setting aside the agreement. The plaintiff did not except to this finding of fact and therefore we are bound by it on appeal. *In re Rumley, supra.* Because the trial court did not err in failing to make a finding with regard to the separation agreement's fairness, the judgment and order of the trial court is

Affirmed.

Judges WELLS and JOHNSON concur.