MARJORIE B. HARTON v. JOHN W. HARTON

No. 8526DC839

(Filed 3 June 1986)

1. **Husband and Wife § 12.1— separation agreement—fraudulent representation as to insurance policies alleged—no fiduciary relationship—no duty to disclose**

   Where plaintiff claimed that defendant fraudulently concealed the fact that he had borrowed money against the cash value of life insurance policies which he promised in a separation agreement to maintain for her benefit, there was no fiduciary relationship between the parties which would require disclosure on defendant's part, since the parties had separated sometime before plaintiff sought out an attorney to draw up a separation agreement, and she was represented by counsel during the negotiations over the separation agreement.

2. **Husband and Wife § 12.1— separation agreement—fraudulent representation as to insurance policies alleged—no duty to disclose**

   Where plaintiff claimed that defendant fraudulently concealed the fact that he had borrowed money against the cash value of life insurance policies which he promised in a separation agreement to maintain for her benefit, defendant was under no duty to disclose since the evidence tended to show that plaintiff made no effort herself, through her children or her attorney, to discover if any loans had been taken out against the insurance policies; plaintiff knew or should have known of two of the loans before the separation; and the separation agreement, drafted by plaintiff's attorney, provided that defendant would not borrow against the policies "in the future" but did not provide that defendant pay off any existing loans against the policies.

APPEAL by defendant from *Brown, L. Stanley, Judge.* Judgment entered 4 March 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 January 1986.

Plaintiff instituted this action on 14 December 1982 alleging that defendant, her husband, had fraudulently induced her to enter into a "Separation Contract." She claimed defendant had fraudulently concealed the fact that he had borrowed money against the cash value of life insurance policies which he promised in the agreement to maintain for her benefit. Defendant filed a general denial, then amended his answer to plead the statute of limitations as a bar to the action.

The matter came on for trial before Judge Brown, sitting without a jury. He found that the statute of limitations did not bar the action and that defendant had concealed a material fact in

a situation where he had a duty to disclose. The trial judge concluded that plaintiff had been damaged in the amount of $8,689.20, and awarded plaintiff that amount, plus legal interest from the date of judgment. Defendant appeals.

*Glover and Petersen, P.A., by Ann B. Petersen and James R. Glover; and Bailey, Patterson, Caddell and Bailey, P.A., by Thomas W. Dickinson for defendant-appellant.*

*Berry, Hogewood, Edwards and Freeman, P.A., by Lawrence W. Hewitt and Glenn J. Reid for plaintiff-appellee.*

PARKER, Judge.

Plaintiff and defendant were married for thirty-six (36) years prior to their separation in September 1984. The parties entered into a separation contract drafted by an attorney representing plaintiff, which provided, *inter alia,* for a division of certain marital property and for the support of plaintiff by defendant. The separation contract also contained a provision dealing with three life insurance policies owned by defendant naming plaintiff as beneficiary. That provision read, in relevant part:

> Husband agrees . . . to maintain in full force and effect, those three life insurance policies for a face amount of Four Thousand Dollars ($4,000.00), Five Thousand Dollars ($5,000.00) and Six Thousand Dollars ($6,000.00) respectively that husband carries with the Penn Mutual Life Insurance Company and to retain his wife, Marjorie B. Harton, as the beneficiary of said life insurance policies and husband agrees that in the future, he will not borrow against said policies nor accept the cash surrender value thereof, or change the beneficiary to any person other than his wife, Marjorie B. Harton;
> . . .

At the time the parties executed this document, defendant had already borrowed against the cash value of each of the policies. These loans had an outstanding principal balance of $5679.09 and were accumulating interest due at the rate of five percent (5%) per annum.

During their marriage, defendant handled all of the financial affairs of the parties. After their separation, plaintiff relied on

her son-in-law to advise her on financial matters. He recommended that she obtain ownership of the three policies so that she could borrow against the cash value. Defendant consented to transfer ownership of the policies, which took place in March 1979. In May plaintiff obtained a loan of $1843.43 against the insurance policies.

There was evidence that after ownership of the policies was transferred to plaintiff, the insurance company began sending her the annual reports on each policy, which showed the outstanding loan balance on each. Plaintiff also should have received a detailed statement concerning the loans when she borrowed against the policies. However, plaintiff contended it was not until December 1981 that she became aware of the earlier loans taken out by defendant against the policies. This action resulted.

Appellant's first assignment of error is that the trial judge erred in concluding that defendant had a duty to disclose to plaintiff the existence of the outstanding loans against the policies. A cause of action for fraud is based on an affirmative misrepresentation of a material fact, e.g., Harbach v. Lain and Keonig, Inc., 73 N.C. App. 374, 326 S.E. 2d 115 (1985), or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose. Curl ex rel. Curl v. Key, 311 N.C. 259, 316 S.E. 2d 272 (1984). In the instant case, there is no evidence that defendant affirmatively misrepresented a material fact. Rather, the contention is that defendant failed to disclose a material fact.

[1] A duty to disclose arises in three situations. The first instance is where a fiduciary relationship exists between the parties to the transaction. See, e.g., Link v. Link, 278 N.C. 181, 179 S.E. 2d 697 (1971). The relationship of husband and wife creates such a duty. Id. However, that duty ends when the parties separate and become adversaries negotiating over the terms of their separation. Joyner v. Joyner, 264 N.C. 27, 140 S.E. 2d 714 (1965). Termination of the fiduciary relationship is firmly established when one or both of the parties is represented by counsel. Id.; Murphy v. Murphy, 34 N.C. App. 677, 239 S.E. 2d 597 (1977).

In this case, the parties had separated sometime before plaintiff sought out an attorney to draw up a separation agreement. Although plaintiff had relied solely on defendant to handle finan-

cial matters during their marriage, she had not consulted him since the separation, but was relying on her son-in-law for advice. During the negotiations over the separation agreement, plaintiff was represented by counsel. Defendant was not. The relationship of "trust and confidence" normally present between fiduciaries had ended. Defendant, then, had no duty to disclose arising out of the relationship between the parties.

The two remaining situations in which a duty to disclose exists arise outside a fiduciary relationship, when the parties are negotiating at arm's length. The first of these is when a party has taken affirmative steps to conceal material facts from the other. *See, e.g., Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974). There is no evidence that any such action was taken in this case.

[2] A duty to disclose in arm's length negotiations also arises where one party has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence. *See, e.g., Brooks v. Ervin Construction Co.,* 253 N.C. 214, 116 S.E. 2d 454 (1960). The evidence in this case discloses that plaintiff made no effort herself, through her children or through her attorney, to discover if any loans had been taken out against the insurance policies. Evidence was produced which tended to show plaintiff knew, or should have known of two of the loans before the separation. The agreement, drafted by plaintiff's attorney, provided that defendant would not borrow against the policies "in the future." No provision was inserted requiring defendant to pay off any existing loans against the policies. In our view, plaintiff could have discovered, prior to the signing of the separation agreement, the existence of the loans outstanding against these policies through the exercise of reasonable diligence.

The essential elements of fraud in the inducement are: (i) that defendant made a false representation or concealed a material fact he had a duty to disclose; (ii) that the false representation related to a past or existing fact; (iii) that defendant made the representation knowing it was false or made it recklessly without knowledge of its truth; (iv) that defendant made the representation intending to deceive plaintiff; (v) that plaintiff reasonably relied on the representation and acted upon it; and (vi) plaintiff

suffered injury. *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Where plaintiff fails to establish each and every element of her cause of action, judgment must be entered for the defendant. *See, e.g., Briggs v. Mid-State Oil Co.*, 53 N.C. App. 203, 280 S.E. 2d 501 (1981). We hold that plaintiff failed as a matter of law to establish that defendant made a false representation or concealed a material fact which he had a duty to disclose, an essential element of fraud. Having concluded that plaintiff failed to establish an essential element of her cause of action, we need not address defendant's contentions relating to the statute of limitations.

The judgment below is

Reversed.

Judges WHICHARD and BECTON concur.