LYNDA DOVE AVRIETT v. ROBERT JAMES AVRIETT, JR.

No. 8712DC291

(Filed 2 February 1988)

**Husband and Wife § 4.1— separation agreement—confidential relationship of husband and wife—insufficient evidence of fraud by husband**

Plaintiff wife was not entitled to set aside a separation and property settlement agreement on the ground of fraud by defendant husband in allegedly violating their confidential relationship by misrepresenting or concealing from her advice he received from his lawyer concerning alimony and his military pension because (1) the parties had become adversaries and the confidential relationship between husband and wife had terminated before the agreement was executed; (2) fraud cannot be based on plaintiff's ignorance of the law; and (3) although plaintiff knew that defendant had consulted an attorney about their negotiations, plaintiff expressly contracted not to use her failure to obtain her own counsel as a basis for setting aside the agreement.

Judge GREENE dissenting.

APPEAL by plaintiff from *Pate, Judge.* Orders entered 4 August 1986 and 13 November 1986 in District Court, CUMBERLAND County. Heard in the Court of Appeals 1 October 1987.

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, and Blackwell, Swaringen & Russ, by John V. Blackwell, Jr., for plaintiff appellant.*

*Reid, Lewis & Deese, by Renny W. Deese, for defendant appellee.*

PHILLIPS, Judge.

On 8 May 1986 plaintiff sued to set aside a separation and property settlement agreement entered into with defendant the preceding October. After answering the complaint defendant moved for summary judgment and following a hearing at which affidavits and other materials were considered the court granted the motion by an order that contained detailed findings of fact. The facts pertinent to plaintiff's appeal follow:

Defendant is a career military officer with vested retirement benefits, as plaintiff knew. The eleven page separation and property settlement agreement prepared by his attorney was admittedly executed by plaintiff after she "okayed the proposed draft,

with some modifications." *Inter alia*, the agreement provided for the custody and support of their one child; for defendant to pay plaintiff alimony of $250 a month until she died or remarried; for defendant to arrange for her and the child to use Army hospital, medical, post exchange, and other facilities and services until her death or remarriage; for the temporary possession and eventual sale of their only real property and a division of the proceeds; for an itemized division of their automobiles, bank accounts, clothing, furniture, household utensils, and other personal property; and for his military retirement pension to remain his sole and separate property. The agreement stated that a full disclosure had been made of their assets; that each had been advised of the right to seek separate counsel and waived "any issues or defenses based upon not having separate counsel"; and that the settlement was in full satisfaction of each's right to equitable distribution. The only ground asserted in the complaint for setting the agreement aside was defendant's fraud in allegedly violating their confidential relationship by misrepresenting or concealing from her the advice that he received from his lawyer concerning alimony and his military pension. The specific facts allegedly constituting fraud are stated in plaintiff's complaint as follows: Prior to 1 October 1985 she and defendant discussed their difficulties and began to negotiate the settlement terms ultimately put in the agreement; during the negotiations defendant obtained legal advice but she did not; after defendant consulted counsel they continued their negotiations and discussed the terms agreed to with defendant's attorney; and at the time the agreement was signed she—

> did not know and understand the difference between the ramifications of alimony and property settlement as it pertains to the military pension and the Defendant did know or should have known and understood from his legal counseling the significance and importance of the difference; the Defendant did not inform Plaintiff of this significant difference or that Plaintiff should obtain independent legal advice, but secured the signature of Plaintiff on the Separation Agreement by misrepresentation and/or concealment of material facts as to the rights of the Plaintiff to Defendant's military pension.

Defendant answered or defended these allegations by admitting that he obtained legal advice in regard to their negotiations and did not impart that advice to her; by denying that he did not advise her to obtain counsel of her own; and by asserting that she negotiated the agreement and had waived any possible right she might have had to rescind it by retaining its benefits after obtaining legal advice.

Plaintiff rightly contends that the court's detailed findings of fact were irregular and unnecessary. In determining whether summary judgment is appropriate the judge's function is not to decide the truth of issues raised by the pleadings and other materials of record, but to determine whether any genuine issue of material fact exists that requires adjudication. *Wachovia Bank & Trust Co. v. Peace Broadcasting Corp.*, 32 N.C. App. 655, 233 S.E. 2d 687, *disc. rev. denied*, 292 N.C. 734, 235 S.E. 2d 788 (1977). Nevertheless, plaintiff was not prejudiced by the court's findings, even assuming *arguendo* that some of them were erroneous, because the materials before the court establish without contradiction that plaintiff's fraud action is fatally deficient in two respects. First, though plaintiff's fraud claim is explicitly based on the confidential relationship that usually exists between husband and wife, plaintiff's verified complaint and affidavit, which states that before the agreement was made they had been negotiating settlement terms and defendant to her knowledge had employed a lawyer to advise him with respect thereto, establishes that they had become adversaries and that the confidential relationship that formerly existed between them was terminated before the agreement was executed. *Murphy v. Murphy*, 34 N.C. App. 677, 239 S.E. 2d 597 (1977), *modified on other grounds*, 295 N.C. 390, 245 S.E. 2d 693 (1978). Second, plaintiff's fraud claim is also based on defendant's failure to reveal to her the *advice* that he received from his lawyer as to the significant "difference between the ramifications of alimony and property settlement as it pertains to the military pension," and fraud cannot be based upon ignorance of the law. *Biesecker v. Biesecker*, 62 N.C. App. 282, 302 S.E. 2d 826 (1983).

Plaintiff's action is unenforceable and was properly dismissed for a third reason: Though the action to set aside the settlement agreement is based on plaintiff's failure to receive legal advice in regard to it, the record shows without contradiction that after

learning that defendant had consulted a lawyer about their nego-
tiations and after being explicitly informed or reminded that she
could consult counsel of her own if she so desired, she chose to ex-
ecute the agreement without so doing and thereby expressly con-
tracted not to use that failure to invalidate the agreement. Being
*sui juris* plaintiff was free to so contract and nothing in the
record suggests that she is not bound thereby.

Affirmed.

Judge COZORT concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The majority asserts the wife's claim to set aside the separa-
tion agreement is deficient in two respects: 1) The plaintiff's evi-
dence indicates there was no confidential relationship between
the parties; and 2) the plaintiff failed to present sufficient evi-
dence to establish fraud. I disagree on both counts.

I

In North Carolina, separation agreements are contracts and
are subject to the same general rules governing creation, con-
struction and rescission as are other contracts. *See Knight v.
Knight*, 76 N.C. App. 395, 398, 333 S.E. 2d 331, 333 (1985) (separa-
tion agreements treated like any other contract and agreement
may be set aside if unconscionable or procured by duress, coer-
cion, or fraud); *Blount v. Blount*, 72 N.C. App. 193, 195, 323 S.E.
2d 738, 740 (1984) (same rules which govern interpretation of con-
tracts generally apply to separation agreements).

However, where a confidential relationship exists between
spouses, transactions between husband and wife must not only be
free of fraud, undue influence, unconscionability and duress but
must also be fair and reasonable. As our Supreme Court stated in
*Eubanks v. Eubanks*, 273 N.C. 189, 196, 159 S.E. 2d 562, 567
(1968), transactions must be fair, reasonable and just and "entered
into without coercion or the exercise of undue influence, and with
full knowledge of all the circumstances, conditions, and rights of
the contracting parties." *See also* Restatement of Contracts (Sec-

ond) Sec. 173 (1981) (where fiduciary makes contract with beneficiary, contract must be on fair terms). As the Court specifically noted, the relationship between husband and wife is "the most confidential of all relationships." *Eubanks*, 273 N.C. at 196, 159 S.E. 2d at 567.

Therefore, any implication in *Knight* that a separation agreement is not held to a fiduciary standard contravenes *Eubanks* and therefore should have no precedential effect. *Cf. Knight*, 76 N.C. App. at 398, 333 S.E. 2d at 333 (courts not required to make independent determination as to whether separation agreement is fair). *Knight* is purportedly premised on the legislature's repeal of N.C.G.S. Sec. 52-6. Prior to 1978, that statute required all separation agreements to be acknowledged before a certifying officer who was required to determine if the contract was unreasonable or injurious to the wife after a separate privy exam. The findings of the certifying officer were conclusive and could be impeached only for fraud; however, the 1978 repeal of the privy exam statute did not eliminate the court's duty to determine the fairness of the separation agreement. First, the statute's repeal merely ended the certifying officer's conclusive fact-finding exam: the repeal did not necessarily terminate the trial court's own fairness review. Furthermore, if the statute's repeal sprang from an evolving legal recognition of spousal equality, then removing the wife's *special* protection under the statute is nevertheless perfectly consistent with the recognition that *both* husband and wife are equally entitled to the court's review. *Cf.* Sharpe, *Divorce and the Third Party: Spousal Support, Private Agreements, and the State*, 59 N.C.L. Rev. 819, 834 (1981) (with elimination of certifying officer's conclusive finding of fairness, courts should refuse to "become parties to overreaching or unfair separation agreements").

Therefore, the repeal of Section 52-6 did not affect the confidential relationship between spouses. In fact, the confidential relationship between spouses terminates only "when the parties separate and become adversaries negotiating over the terms of their separation." *Harton v. Harton*, 81 N.C. App. 295, 297, 344 S.E. 2d 117, 119 (1986). The separation of the parties alone is not sufficient to create an adversary relationship. *See Link v. Link*, 278 N.C. 181, 193, 179 S.E. 2d 697, 704 (1971). Furthermore, the employment of a lawyer by one of the spouses is not itself sufficient to terminate the confidential relationship. I question the

*Harton* court's interpretation of *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714 (1965) for the proposition that the retention of counsel by one spouse itself terminates the fiduciary relationship. *Cf. Harton*, 81 N.C. App. at 297, 344 S.E. 2d at 119. However, assuming retention of counsel by one spouse is a factor in terminating the confidential relationship, the *Joyner* Court stated that the confidential relationship is terminated only if a spouse employs an attorney and *negotiates through that attorney* with the other spouse as an adversary. *Joyner*, 264 N.C. at 32, 140 S.E. 2d at 719. The presence of independent counsel, while arguably a factor in determining the existence of a confidential relationship, should not itself require a finding that the fiduciary duty has ended. *See Levine v. Levine*, 56 N.Y. 2d 42, 436 N.E. 2d 476 (1982); *see also* Sharpe, 59 N.C.L. Rev. at 835.

The question whether the confidential relationship has terminated is a question of fact. *See Blum v. Blum*, 477 A. 2d 289, 294 (1984); Clark, *The Law of Domestic Relations in the United States* 2d Sec. 19.2 at 415 n.11 (noting several states hold confidential relationship between spouses is fact question). Here, as the defendant husband moved for summary judgment, we must review the evidence in the light most favorable to the non-movant wife. In reviewing the record in the light most favorable to her, I note the parties negotiated the terms of the separation agreement prior to the date of separation. While the husband had employed an attorney, and the wife had not, the husband's attorney took no part in the negotiations between the husband and wife. As the spouse here alleging deception had not employed counsel to negotiate on her behalf, and as neither spouse negotiated this agreement through an attorney, I conclude under *Joyner* that there exists a genuine issue of material fact as to whether a confidential relationship existed between the parties at the time of the negotiations. The trial court's entry of summary judgment on this ground was therefore error.

II

In general, an essential element of actionable fraud is a material misrepresentation of a past or existing fact, as distinguished from matters of opinion. *See Ragsdale v. Kennedy*, 286 N.C. 130, 139, 209 S.E. 2d 494, 500-01 (1974). The wife here contends that, prior to the execution of the separation agreement,

her husband told her "the payment of alimony was the same thing as receiving a portion of his pension." Based on her husband's statement, she agreed to sign the agreement, thereby arguably waiving any rights she had to her husband's military pension. The husband denies making such a statement but argues that the statement in any event merely reflected his opinion and was not a statement of fact.

Even if the husband's statement was an expression of opinion, it would nonetheless support an action for fraud if a confidential relationship existed between the parties at the time of the statement. 37 Am. Jur. 2d, *Fraud and Deceit* Sec. 77 at 119 (relief may be granted where there is misrepresentation of law "where there is a relation of trust and confidence between the parties"). In any event, whether the alleged statement of the husband is an expression of opinion or fact is normally a question for the jury. *See Ragsdale*, 286 N.C. at 139, 209 S.E. 2d at 500-01. Furthermore, declarations made in the form of an opinion may in some cases be considered statements of fact and therefore may be regarded as material misrepresentations. *E.g., J. I. Case Machine Co. v. Feezor*, 152 N.C. 516, 520, 67 S.E. 1004, 1006 (1910) (declarations clothed in the form of opinions may be considered upon the question of whether fraud has been perpetrated).

Therefore, I conclude there is a genuine issue of material fact as to whether the statement alleged to have been made by the husband is a statement of fact or a mere expression of opinion. Accordingly, the trial court erred in using this as a ground for its summary judgment.

### III

The husband further contends the wife is estopped to set aside the separation agreement because, after being made aware of the possible fraud, she continued to receive alimony payments under the agreement. It is true that the right to rescind a contract for fraud should be exercised "immediately upon its discovery and any act in recognition of the validity of the contract after the discovery of the fraud is evidence of ratification." *Hutchins v. Davis*, 230 N.C. 67, 72-73, 52 S.E. 2d 210, 213-14 (1949); *see also Hawkins v. Carter*, 196 N.C. 538, 541, 146 S.E. 231, 232 (1929). Again, the question whether the wife waived any right to rescind the contract because of fraud is generally determined by the trier

of fact in light of all the circumstances. *See* 37 Am. Jur. 2d, *Fraud and Deceit* Sec. 387 at 524.

Accordingly, I conclude the entry of summary judgment by the trial court was error. I would reverse the summary judgment and remand the case to the trial court for trial on the issues raised.