HARRIETTE H. HILL v. JAMES C. HILL

No. 7225DC37

(Filed 23 February 1972)

1. Appeal and Error § 41— record on appeal — duty of appellant

It is the duty of appellant to see that the record is properly made up and transmitted.

2. Appeal and Error § 41— insufficiency of the record

The appellate court is unable to pass upon the questions raised by appellant in this appeal from an award of child support and coun-

sel fees *pendente lite*, where the record on appeal does not contain a complete record of the testimony presented at the hearing and does not contain the text of a separation agreement referred to in the pleadings and the order appealed from.

APPEAL by plaintiff from *Sigmon, District Judge*, 24 May 1971 Session of CATAWBA District Court.

Plaintiff instituted this action on 2 March 1971 asking for temporary and permanent alimony, subsistence for the minor child of the parties and counsel fees. She alleged adultery on the part of defendant. Defendant filed answer admitting the marriage and alleging a voluntary separation of the parties in December of 1968. He further pled a separation agreement entered into on 12 April 1969 and a breach of said agreement by plaintiff. He also alleged adultery on the part of plaintiff.

Pursuant to notice and a hearing on plaintiff's motion for alimony pendente lite, child support and counsel fees, the court entered an order making certain findings of fact and conclusions of law and requiring defendant to pay certain sums for the support of the child and counsel fees. The court declined to allow plaintiff any alimony pendente lite.

Plaintiff appealed from the order.

*Gene H. Kendall, attorney for plaintiff-appellant.*

*Sigmon & Clark by E. Fielding Clark II, attorney for defendant-appellee.*

BRITT, Judge.

Plaintiff assigns as error certain findings of fact and conclusions of law made by the trial judge. The case on appeal does not contain a complete record of the testimony presented at the hearing and does not contain the text of the separation agreement referred to in the pleadings and the order appealed from.

[1, 2] It is the duty of an appellant to see that the record is properly made up and transmitted. *State v. Childs*, 269 N.C. 307, 152 S.E. 2d 453 (1966). In the case at hand, without a more complete record of the evidence presented at the hearing, including in particular the separation agreement, we are unable to pass upon the questions raised by plaintiff-appellant. One of the conclusions of law that plaintiff assigns as error is as fol-

lows: "That adultery will not give rise to a cause of action under North Carolina General Statute Section 50-16.1 through 10, where said acts of adultery occur at a time when the accused party is living under a valid, and properly executed Separation Agreement." We can conceive of cases in which this conclusion would be erroneous but from the record before us we are unable to say whether or not it was erroneous in this case.

The order appealed from is interlocutory. Plaintiff is entitled to a trial of her cause on the merits at which time she will have another opportunity to have a proper record of the case made and proper foundation laid for all questions she desires to raise.

For lack of a proper record on appeal, the order appealed from is

Affirmed.

Judges BROCK and VAUGHN concur.