NYTCO LEASING, INC. v. DAN-CLEVE CORPORATION, F. ROLAND DANIELSON, AND BILL CLEVE v. SOUTHEASTERN MOTEL CORPORATION

No. 7610SC306

(Filed 15 December 1976)

**1. Rules of Civil Procedure § 56— summary judgment motion — no findings of fact by court**

In passing upon a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, the trial court does not decide facts but makes a determination whether an issue which is germane to the action exists, and if findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper.

**2. Appeal and Error § 57— motion for summary judgment — failure to include on appeal all material before trial court**

When the appealing party fails to include in the record on appeal all of the materials that the trial court had before it in ruling on a motion for summary judgment, the Court of Appeals is unable to say that the trial court erred in determining that there was no genuine issue as to any material fact.

**3. Landlord and Tenant § 2—agreement as lease — no conditional sales contract**

A document executed by the parties was a lease and not a conditional sales contract where the document contained all indicia of a lease, including a provision that the property would be returned to plaintiff at the expiration of the lease period, and plaintiff was not engaged in manufacturing or selling the property in question but, pursuant to a list furnished by defendants, went into the market place and purchased the property for defendants.

**4. Guaranty — lease agreement — liability of individual defendants**

In an action to recover on a lease agreement, the trial court did not err in holding the individual defendants personally responsible for the obligations of defendant corporation, since the individual defendants had executed a personal guaranty agreement committing themselves personally to pay all obligations of defendant corporation.

**5. Courts § 21— construction of contract — law of place where made governs**

The validity and construction of a contract are to be determined by the law of the place where the contract was made, and the place at which the last act was done by either of the parties essential to a meeting of the minds determines the place where the contract was made.

**6. Courts § 21— making of contract — place of last act — action remanded for finding**

This action to recover on a lease agreement is remanded for the trial court to make a finding as to whether the agreement was

made in California or N. C., such finding being required in order to determine whether the law of California or N. C. should be followed in awarding plaintiff attorney fees.

APPEAL by defendants from *McKinnon, Judge,* and *Bailey, Judge.* Judgments entered 28 June 1974 and 9 December 1975, Superior Court, WAKE County. Heard in the Court of Appeals 26 August 1976.

Plaintiff alleged in its complaint that it had leased certain motel furniture, equipment, and fixtures to defendant Dan-Cleve for a period of 84 months at a rental of $3,594.04 per month; that defendants Danielson and Cleve had each individually executed and delivered to plaintiff his personal guaranty of Dan-Cleve's performance of the lease agreement; that Dan-Cleve failed to make the monthly rental payments as required by the lease; and that pursuant to the terms of the lease agreement, plaintiff declared all rental payments for the entire term of the lease immediately due and payable. In a second claim, plaintiff alleged that it had agreed to sell certain expendable items to defendants for $4,396.83 and defendants had failed to pay for them.

Defendants denied that Dan-Cleve had breached the lease agreement. They admitted that Dan-Cleve was liable for the price of the expendable items, but denied that Danielson and Cleve were liable. In a third-party complaint against additional defendant Southeastern, defendants alleged that the leased property was located in a motel in Selma owned by Southeastern and that if plaintiff obtained a judgment against defendants, the judgment should be a lien on the leased property, and the leased property should be sold for credit on the judgment. Southeastern alleged that it had a right to retain the leased property and denied that the property should be sold to satisfy any judgment plaintiff might obtain against defendants.

Plaintiff moved for summary judgment. Certain materials submitted in support of and in opposition to the motion do not appear in the record. On 28 June 1974 the court (through Judge McKinnon) granted partial summary judgment for plaintiff. It held that Dan-Cleve was in default under the lease agreement and was liable to plaintiff for unpaid rent in the amount of $281,541.20, plus interest and attorney's fees; that Dan-Cleve was also liable to plaintiff for $4,396.83 for the expendable items; that Danielson and Cleve were likewise liable for these

amounts under their guaranty agreements. Plaintiff had sold some of the leased property to Southeastern for $33,500, and the court held that this amount should be credited on defendants' indebtedness to plaintiff. In addition, plaintiff had agreed to a public sale of the rest of the leased property, and the court said that the proceeds of this sale should also be credited on defendants' indebtedness. The defendants were also held liable to plaintiff for the costs it incurred in repossessing the leased property, but the amount of these costs was a genuine issue of material fact for trial. Defendants appealed from this judgment, and their appeal was dismissed pursuant to N.C.R.C.P. 54(b) in *Leasing, Inc. v. Dan-Cleve Corp.*, 25 N.C. App. 18, 212 S.E. 2d 41 (1975).

On 24 July 1974 execution was issued against defendants. Pursuant to this execution, certain motor vehicles were sold on 1 November 1974, and certain stock certificates and promissory notes were sold on 15 November 1974. On 22 November 1974 defendant Danielson and his wife moved to set aside these sales. They alleged that the sale of the automobiles "was at least the third sale, which sale was held without an additional order for sale as provided by statute"; that the automobiles were sold for much less than their market value; and that no report of the sale had been made to the clerk. As to the sale of the stocks and notes, they alleged that they were not given personal notice of the sale, and that Mrs. Danielson had owned an interest in some of the stock certificates and notes that were sold. The court denied the Danielsons' motion. It held that "[e]ven though the first scheduled sale of the automobiles was not held and no re-sale was ordered by the Clerk, the posting of a new notice of sale and compliance with all other statutory requirements was effective as a new sale which did not require an order of the Clerk"; that the sale price of the automobiles was not substantially below their fair market value; that the sheriff's failure to file a report of the sale was immaterial; that Danielson had received notice of the execution sale; and that Mrs. Danielson's interest in the stocks and notes was not sold.

On 5 September 1975 plaintiff dismissed its claim against defendants for reimbursement for expenses incurred in repossessing the leased property. On 12 September 1975 defendants moved to set aside this dismissal.

On 19 September 1975 Danielson moved to set aside the execution issued against him on the ground that the judgment

on which it was based was interlocutory. On 6 October 1975 Cleve filed a similar motion.

On 10 October 1975 plaintiff moved to dismiss defendants' claim against Southeastern on the ground that the relief sought therein had been granted and to dismiss Southeastern's counterclaims against defendants for failure to prosecute or in the alternative to amend the 28 June 1974 judgment by adding a provision that there was no just reason for delay.

On 27 October 1975 defendants moved to set aside the 28 June 1974 judgment on the ground that it was based on misrepresentation.

On 9 December 1975 the court (through Judge Bailey) granted plaintiff's motions of 10 October 1975 and denied defendants' motions of 12 September 1975, 19 September 1975, 6 October 1975, and 27 October 1975. It ordered that if plaintiff received any amount in payment of its Craven County judgment against Southeastern, this amount should be credited on its judgment against defendants in the present case.

Defendants appealed.

*Sanford, Cannon, Adams & McCullough, by E. D. Gaskins, Jr. and John Q. Beard, for the plaintiff.*

*James, Hite, Cavendish & Blount, by Marvin K. Blount, Jr., Ellis Nassif, and Vaughan S. Winborne, for the defendants.*

MARTIN, Judge.

Defendants assign as error the failure of the trial court to grant their motion to dismiss pursuant to G.S. 1A-1, Rule 12(b), contending that any action against defendants was premature for the reason that there had been no breach of contract at the time the action was instituted. We find no merit in this assignment and it is overruled.

[1] A large number of defendants' assignments of error are based on exceptions to "findings of fact" made by the trial court and its failure to make other "findings of fact." We repeat again what we have said many times, that, in passing upon a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, the court does not decide facts but makes a determination whether an issue which is germane to the action exists. *Furst v. Loftin,* 29 N.C. App. 248, 224 S.E. 2d 641 (1976). If find-

ings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975).

Following the hearing on its motion for summary judgment before Judge McKinnon, plaintiff was entitled to have its motion granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, showed that there was no genuine issue as to any material fact and that plaintiff was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). While it was unnecessary for the trial court to make "findings of fact," the recitals in the judgment bearing that appellation do provide an aid in understanding how the trial court reached its determination that there was no genuine issue as to any material fact and that a party was entitled to judgment as a matter of law.

[2] Nevertheless, when the appealing party fails to include in the record on appeal all of the materials that the trial court had before it in ruling on the motion for summary judgment, this Court is unable to say that the trial court erred in determining that there was no genuine issue as to any material fact. The rule is well established that when the evidence is not included in the record, it will be assumed that there was sufficient evidence to support the findings by the trial court. 1 Strong, N. C. Index 3d, *Appeal and Error* § 57.1 (1976). See also *Telephone Co. v. Communications, Inc.*, 27 N.C. App. 673, 219 S.E. 2d 800 (1975) ; *Mt. Olive v. Price*, 20 N.C. App. 302, 201 S.E. 2d 362 (1973) ; *Cobb v. Cobb*, 10 N.C. App. 739, 179 S.E. 2d 870 (1971). We think that principle applies here. Plaintiff's motion for summary judgment states that it is based on the comp'aint and the depositions of defendants Danielson and Cleve and the judgment of Judge McKinnon recites that depositions were considered. However, those depositions are not a part of the record on appeal.

That being true, all of defendants' assignments of error based on contentions that the trial court's findings are not supported by the evidence, and that the court should have made other findings, are overruled. We hold that defendants have failed to show that Judge McKinnon erred in determining that there was no genuine issue as to any material fact. We now proceed to consider whether plaintiff was entitled to judgment as a matter of law.

[3]  Defendants contend that the purported "lease agreement" executed by the parties is in reality a conditional sale contract. We reject this contention. Not only does the document contain all indicia of a lease, including a provision that the property would be returned to plaintiff at the expiration of the lease period, but the record also shows that plaintiff was not engaged in manufacturing or selling the property in question but, pursuant to a list furnished by defendants, went into the market place and purchased the property for defendants. We hold that the document is a lease and not a conditional sale contract.

[4]  Defendants Danielson and Cleve contend that the trial court erred in holding them personally responsible for the obligations of defendant corporation, and particularly for payment for the "expendable items." We find no merit in this contention. The personal guaranty agreement signed by each of the individual defendants provides that

> " . . . each of us as a primary obligor jointly and severally and unconditionally guarantees to you that Company [defendant corporation] will fully and promptly and faithfully perform, pay and discharge all its present and future obligations to you, irrespective of any . . . security therefor; and agrees, without your first having to proceed against Company or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from Company and all losses, costs, attorneys' fees or expenses which may be suffered by you by reason of the Company's default or default of any of the undersigned hereunder; and agrees to be bound by and on demand to pay any deficiency established by a sale of paper and/or security held, with or without notice to us."

[6]  Defendants contend that Judge McKinnon erred in concluding that plaintiff was entitled to recover attorney fees pursuant to G.S. 6-21.2 and awarding attorney fees in the sum of $42,231.18. Defendants argue that the lease agreement provides that it should be regarded as a California contract and governed by and construed according to the laws of that state and that under California law the trial court awards a "reasonable" fee rather than a fee based on a percentage of the outstanding balance as provided by G.S. 6-21.2. We think his contention has merit.

[5]   This jurisdiction follows the general rule that the validity and construction of a contract are to be determined by the law of the place where the contract is made. *Davis v. Davis*, 269 N.C. 120, 152 S.E. 2d 306 (1967); *Construction Company v. Bank*, 30 N.C. App. 155, 226 S.E. 2d 408 (1976). Our courts have also held that the place at which the last act was done by either of the parties essential to a meeting of the minds determines the place where the contract was made. *Fast v. Gulley*, 271 N.C. 208, 155 S.E. 2d 507 (1967); *Construction Company v. Bank, supra.*

[6]   While the contract involved here indicates that it was executed by defendant corporation in North Carolina on 6 December 1972, and was thereafter executed and accepted by plaintiff in California on 11 December 1972, we think the trial court should make a finding on that question. Whereupon, that part of Judge McKinnon's judgment awarding attorney fees is vacated and this cause will be remanded to the superior court for further determination with respect to attorney fees.

Should the trial court determine that the lease agreement was executed and accepted by plaintiff in California after it was executed by defendant corporation in North Carolina, the court will proceed to award attorney fees in accordance with California law. See *Credit Corporation v. Ricks*, 16 N.C. App. 491, 192 S.E. 2d 707 (1972).

Section 1717 of West Annotated California Codes, Volume 9, *Civil,* provides:

> "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

The California courts in construing this law have said:

> " . . . [T]he major factors to be considered in determining the reasonableness of attorneys' fees [include] : 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the

particular type of work demanded; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed.' " (Citation omitted.) *Clejan v. Reisman* (1970), 84 Cal. Rptr. 897, 908, 5 C.A. 3d 224, 241.

The California courts have further held that the award of fees is addressed to the sound discretion of the trial judge. *Kanner v. Globe Bottling Co.* (1969), 78 Cal. Rptr. 25, 273 C.A. 2d 559; *Shannon v. Northern Counties Title Ins. Co.* (1969), 76 Cal. Rptr. 7, 270 C.A. 2d 686.

Should the trial court determine that the lease agreement was executed by defendant corporation in North Carolina after it was executed by plaintiff in California, the court will reinstate the provisions of Judge McKinnon's judgment relating to attorney fees.

We have considered the other contentions argued in defendants' brief but find them to be without merit.

For the reasons stated, except for the provisions awarding attorney fees, the judgments appealed from are affirmed.

Affirmed in part; remanded with instructions.

Judges BRITT and HEDRICK concur.