SHIRLEY R. JENKINS v. STEWART & EVERETT THEATRES, INC.

No. 788SC610

(Filed 15 May 1979)

**Negligence § 57.6 — fall on theater floor — negligence in failing to clean — question of material fact**

In an action to recover for injuries received by plaintiff in a fall in defendant's movie theater, the trial court erred in granting summary judgment in favor of defendant on the issue of whether defendant was negligent in failing adequately to clean the theater and in thereby creating an unsafe condition which proximately caused plaintiff's injury where plaintiff presented evidence on the motion for summary judgment that she fell when she slipped on popcorn and soft drink which had been spilled on the theater floor, and defendant

presented evidence that it cleaned its theater once a day and had cleaned it on the evening prior to plaintiff's injury, and that its cleaning procedures met the standard practice for movie theaters.

APPEAL by plaintiff from *Strickland, Judge.* Judgment entered 20 March 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 28 March 1979.

The plaintiff, Shirley R. Jenkins, instituted this action by filing a complaint alleging that she slipped and fell in the defendant's motion picture theater as a result of the defendant's negligence. The defendant answered denying most of the allegations of the plaintiff and moved for summary judgment in its favor. At the hearing on the defendant's motion, the defendant presented an affidavit of the manager of the theater in which the plaintiff was injured. The plaintiff presented a transcript of her own deposition. Upon the pleadings, affidavit and deposition, the trial court granted summary judgment in favor of the defendant. The plaintiff appealed from that judgment.

In her deposition, the plaintiff indicated that she had gone with her husband to the Mall Cinema in Kinston, North Carolina to see a motion picture. When they entered the theater, they walked about three-fourths of the way down the right aisle and entered a row of seats on the right side of the theater. The plaintiff entered the row first and sat in the second seat from the aisle. Her husband sat in the seat immediately adjacent to the aisle. During the showing of the motion picture, the defendant went to the rest room. She left her seat and moved around her husband's knees to the aisle without difficulty. In returning to her seat, the plaintiff held onto the back of one of the "rocking chair" type seats in the row in front of the one in which she and her husband had been sitting. Immediately after passing in front of her husband's knees, she slipped and fell on the floor in front of her seat. She then got up and sat in her seat during the remainder of the motion picture.

When the motion picture was over, the plaintiff got up from her seat and examined the floor in order to determine what had caused her to fall. During her examination, she saw "some popcorn and some slimy-looking substance that made the popcorn look like cracker jacks and there was also a cup right down beside the end the seat and it looked like it had turned over and run

down to right in front of, between his seat and my seat." The slimy-looking substance "looked like a Coke that had been on the floor a good while." The substance was not like the coating on Cracker Jacks; instead, "it looked like Coca-Cola or Pepsi that had been left there for a while, it was a certain black substance. It was sticky." The plaintiff was unable to state who had put any of the items on the floor.

The plaintiff alleged in her complaint that her fall was caused by the defendant's negligence. She specifically alleged that "the defendant knew or should have known that the selling of beverages in paper cups containing ice and various liquids as well as popcorn, candy wrappers and other debris would . . . create a dangerous and hazardous condition for patrons of the theatres and particularly the plaintiff herein." The plaintiff further alleged that the defendant was negligent in that it sold confections to its customers "knowing that said customers had no trash containers in which to place their refuse and knowing that said customers would throw and spill said cups, ice, popcorn and other matter on the floor of the theatre and in places where the defendant knew or should have known customers would be walking and standing on the slightly slanted floor of said theatre, thereby creating the dangerous and hazardous condition heretofore mentioned." The plaintiff additionally alleged that the defendant was negligent in failing to pick up debris and clean in the areas where beverage and food containers had been deposited and spilled.

The defendant's affidavit indicated that it was the policy of the Mall Cinema at the time of the accident to clean the theater following the end of the final motion picture each day. The theater was cleaned by "picking up trash and other debris, sweeping, mopping and vacuuming the floor and scraping from the floor any matter which could not otherwise be removed." This was done after the last motion picture was shown on the day before the plaintiff's accident. The manager further indicated in his affidavit that prior to the plaintiff's fall he had not received any notice that there was any matter on the floor of the theater which would create a hazardous condition.

*Hulse & Hulse, by H. Bruce Hulse, Jr., for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker, by Gordon C. Woodruff, for defendant appellee.*

MITCHELL, Judge.

The plaintiff assigns as error the judgment of the trial court granting summary judgment for the defendant. If the pleadings, deposition and affidavit in the present case showed that there was no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law, the trial court did not err in granting summary judgment in favor of the defendant. *See* G.S. 1A-1, Rule 56(c). In order to bear its burden of showing that it was entitled to summary judgment, the defendant was required to present a forecast of the evidence which would be available at trial and which showed that there was no material issue of fact concerning an essential element of the plaintiff's claim and that such element could not be proved by the plaintiff through the presentation of substantial evidence. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Bank v. Evans*, 296 N.C. 374, 250 S.E. 2d 231 (1979).

There are four essential elements of a claim for relief based on negligence: (1) one of the parties must have been under a duty to conform to a certain standard of conduct, (2) there must have been a breach of that duty, (3) there must have been an injury, and (4) the injury must have been proximately caused by the breach. *See* W. Prosser, Torts § 30 (4th ed. 1971). The forecast of evidence presented by the defendant in the present case clearly failed to indicate that the plaintiff would not be able to prove at trial that the defendant was under a duty to conform to a certain standard of conduct or that the plaintiff was injured. Therefore, we turn to an examination of the defendant's forecast of evidence to determine whether it revealed that the plaintiff would be unable to prove that the defendant breached its duty and thereby proximately caused the plaintiff's injury.

The plaintiff alleged that she was the defendant's business invitee, and the defendant's forecast of evidence did not indicate that she would be unable to prove that allegation. The defendant owed a duty to its business invitees to conform to a certain standard of care. That standard required the defendant to exercise ordinary care in keeping its premises in a reasonably safe condition and to warn its invitees of any hidden perils or unsafe conditions that it knew or should have known existed on the premises. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979); *Dawson*

*v. Light Co.*, 265 N.C. 691, 144 S.E. 2d 831 (1965); *Stoltz v. Hospital Authority, Inc.*, 38 N.C. App. 103, 247 S.E. 2d 280 (1978). Although the standard of care to which the defendant must conform is established as a matter of law,

> [T]he degree — that is the quantity — of care necessary to measure up to the standard is as variable as the attendant circumstances. . . . Hence the quantity of care required to meet the standard must be determined by the circumstances in which plaintiff and defendant were placed with respect to each other. And whether defendant exercised or failed to exercise ordinary care as understood and defined in our law of negligence is to be judged by the jury in the light of the attendant facts and circumstances.
>
> In short, the standard of care is a part of the law of the case for the court to explain and apply. The degree of care required, under the particular circumstances, to measure up to the standard is for the jury to decide.

*Rea v. Simowitz*, 225 N.C. 575, 579-80, 35 S.E. 2d 871, 874-75 (1945) (citations omitted).

The plaintiff alleged that the defendant breached its duty of care by failing to adequately clean the theater thereby creating an unsafe condition which proximately caused her injury. The defendant attempted to overcome that allegation and the plaintiff's forecast of evidence by a forecast of evidence showing that it cleaned its theater at least once a day and had cleaned the theater on the evening prior to the plaintiff's injury. However, we cannot say as a matter of law that the defendant's forecast of evidence was sufficient to reveal that it exercised a degree or quantity of care under the circumstances of this case such as would conform to the required standard of care. That determination can be made only by the jury. Although the defendant's forecast of evidence tended to establish that its cleaning procedures met or exceeded standard customs and practice, "negligence may exist notwithstanding [the fact that] the means and methods adopted are in accordance with those customary in the business." *Watts v. Manufacturing Co.*, 256 N.C. 611, 616, 124 S.E. 2d 809, 813 (1962). Therefore, the defendant's forecast of evidence did not show that the plaintiff would be unable to prove that the defendant breached its duty of care or that the breach

proximately caused the plaintiff's injury. Since the defendant's forecast of evidence does not show that it is entitled to judgment as a matter of law, the judgment of the trial court was erroneous.

The plaintiff additionally asserted that the defendant was negligent in selling confections to its customers without maintaining trash containers and thereby caused its customers to throw and spill foreign substances on the theater floor creating a hazardous condition. That allegation was not specifically denied by the defendant. Our disposition of this case on appeal, however, makes it unnecessary for us to consider whether such an allegation by the plaintiff constitutes an allegation of negligent acts of commission imposing any higher or different standard upon the defendant than that previously discussed.

For errors previously discussed herein, the judgment of the trial court must be and is hereby

Reversed.

Judges MARTIN (Robert M.) and WEBB concur.