BENNY G. VASSEY v. WILLIAM H. BURCH, M.D., ROY L. MORGAN, M.D., AND
ST. LUKE'S HOSPITAL, INC.

No. 7929SC543

(Filed 19 February 1980)

1. **Rules of Civil Procedure § 56.7— ruling on summary judgment motion—failure
   to include answers to interrogatories in record on appeal**

   Where plaintiff appellant failed to include in the record on appeal his
   answers to interrogatories which the trial court had before it in ruling on
   defendant's motion for summary judgment, the appellate court is unable to say
   that the trial court erred in determining that there was no genuine issue as to
   any material fact and in entering summary judgment for defendant.

2. **Physician, Surgeons and Allied Professions § 17— negligence of emergency
   room nurse—insufficient forecast of evidence**

   In an action against defendant hospital based on alleged negligence by its
   emergency room nurse in failing to obtain treatment of plaintiff for appen-
   dicitis, plaintiff's forecast of evidence was insufficient to show that the
   emergency room nurse was negligent in failing to recognize the possibility that
   plaintiff was suffering from appendicitis or in stating to plaintiff's family physi-
   cian whom she called that it was not appendicitis without making an examina-
   tion of plaintiff or taking blood tests where plaintiff presented no expert
   testimony that the nurse, on the basis of plaintiff's symptoms of severe ab-
   dominal pain and vomiting, could not have reasonably concluded that plaintiff
   was suffering from flu, gastroenteritis or some other stomach ailment or that
   the nurse did not exercise her best judgment in concluding that plaintiff was
   not suffering from appendicitis, and where plaintiff presented no expert
   testimony to show whether, under the circumstances, it would have been ac-
   cepted standard of medical practice in the community for a nurse in the
   emergency room to have made an examination of defendant or to have ordered
   tests.

       Judge WELLS dissenting.

APPEAL by plaintiff from *Riddle, Judge.* Judgment entered
29 January 1979 in Superior Court, POLK County. Heard in the
Court of Appeals 16 January 1980.

Plaintiff brought this action for malpractice against defend-
ant doctors and defendant hospital seeking to recover the cost of

plaintiff's surgery, extended medical care and hospitalization resulting from a ruptured appendix and severe peritonitis.

On December 21, 1974, plaintiff went to the office of Dr. William H. Burch complaining of nausea and abdominal pain. Defendant Burch looked at plaintiff, gave him a shot of penicillin and a prescription, told plaintiff he was suffering from intestinal flu and sent him home. Later that same day when plaintiff began to vomit violently and the pain in his abdomen intensified, plaintiff went to the emergency room at St. Luke's Hospital accompanied by his parents. Plaintiff's complaint alleges that the nurses at St. Luke's Hospital was negligent and that such negligence is imputed to the hospital. The complaint in pertinent part alleges the following:

25. That said nurses were negligent in that:

(a) When plaintiff and his mother came into the hospital they could see the intense abdominal pain and discomfort from which plaintiff was suffering and could see that he was vomiting, they should have immediately recognized the possibility that plaintiff was suffering from appendicitis and should have so reported to Dr. Morgan [plaintiff's family physician whom the nurse telephoned]; that the nurse or nurses not only did not do this, but even told plaintiff's mother, even though plaintiff's mother had suggested that she thought it possible that plaintiff was suffering from appendicitis, that plaintiff was not suffering an appendicitis attack.

(b) That when the nurse or nurses on duty in said emergency room told Dr. Morgan that it was not appendicitis, this statement was made by her without any examination, any blood tests and was made without any facts or basis.

After being advised by the nurses of plaintiff's symptoms, defendant Dr. Morgan prescribed two shots and medication over the phone and did not order further tests or examination. Plaintiff was sent home and his condition worsened. The next day, plaintiff went to defendant Dr. Morgan's office. Dr. Morgan immediately sent him to St. Luke's Hospital where he was operated on and it was discovered that he had a ruptured appendix and

peritonitis. Plaintiff contends that the negligence and failure of defendants Dr. Burch, Dr. Morgan and the nurse or nurses employed by St. Luke's Hospital "to make any reasonable attempt to diagnose the illness from which plaintiff was suffering resulted in a serious delay of treatment for his ruptured appendix and proximately caused severe peritonitis to develop . . ."

Defendant St. Luke's Hospital moved for summary judgment which was granted. Plaintiff appeals.

*Hamrick & Hamrick, by J. Nat Hamrick for the plaintiff.*

*Hedrick, Parham, Helms, Kellam & Feerick, by Richard T. Feerick for defendant St. Luke's Hospital, Inc.*

MARTIN (Robert M.), Judge.

Plaintiff's sole assignment of error is that the trial court erred in granting summary judgment for defendant St. Luke's Hospital.

Defendant, in its motion for summary judgment, states that in support of its motion it is relying upon "various pleadings . . . including . . . verified answers to interrogatories served and filed with the court by the plaintiff." Plaintiff, in opposition to the motion, filed affidavits of himself, plaintiff's mother, plaintiff's attorney and Dr. Stewart Todd. Judge Riddle, in his order granting summary judgment for defendant, recites that "the pleadings in the action, affidavits, interrogatories and answers thereto . . ." were considered. However, these interrogatories and answers are not part of the record on appeal.

[1]   On its motion for summary judgment in order for the defendant, the moving party, to bear its burden of showing it was entitled to summary judgment, the defendant was required to present a forecast of the evidence which would be available at trial and which showed that there was no material issue of fact concerning an essential element of plaintiff's claim and that such element could not be proved by plaintiff through presentation of substantial evidence. *Jenkins v. Theatres, Inc.,* 41 N.C. App. 262, 254 S.E. 2d 776, petition for discretionary review denied 297 N.C. 698, 259 S.E. 2d 295 (1979). *See Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979). In the present case, absent the

answers to interrogatories on which defendant relied, we are unable to determine whether defendant's forecast is sufficient to meet its burden. It is the duty of the appellant to see that the record is properly made up and transmitted. *Hill v. Hill,* 13 N.C. App. 641, 186 S.E. 2d 665 (1972). When the appealing party fails to include in the record on appeal all of the materials the trial court had before it in ruling on the motion for summary judgment, this Court is unable to say that the trial court erred in determining that there was no genuine issue as to any material fact. *Leasing, Inc. v. Dan-Cleve Corp.,* 31 N.C. App. 634, 230 S.E. 2d 559 (1976), petition for discretionary review denied, 292 N.C. 265, 233 S.E. 2d 393 (1977).

Moreover, we note that on the basis of the record before this Court, plaintiff's argument that defendant was not entitled to summary judgment could not prevail. Assuming defendant, the moving party, met its burden on summary judgment, plaintiff, the opposing party, must assume the burden of producing a forecast of the evidence which would be available at trial to support his claim. *Moore v. Fieldcrest Mills, supra.*

[2] In a claim for relief based on negligence, one of the parties must have been under a duty to conform to a certain standard of conduct and there must have been a breach of that duty. *Jenkins v. Theatres, Inc., supra,* W. Prosser, Torts § 30 (4th ed. 1971). A nurse who undertakes to render professional services is under a duty to exercise reasonable care and diligence in the application of her knowledge and skill to the patient's case and to use her best judgment in the treatment and care of patients. *Byrd v. Hospital,* 202 N.C. 337, 162 S.E. 738 (1932). In an action for medical malpractice the burden of proof on the plaintiff is heavy. In order to recover for personal injury arising out of the furnishing of health care, the plaintiff must demonstrate by the testimony of a qualified expert that the care provided by defendant was not in accordance with the accepted standard of care in the community. *Ballenger v. Crowell,* 38 N.C. App. 50, 247 S.E. 2d 287 (1978); N.C. Gen. Stat. § 90-21.12. We will, therefore, examine plaintiff's affidavits to determine whether they show the accepted standard of nursing care in the community and whether the care provided by the nurses was in negligent violation of that standard.

The affidavit of Dr. Stewart Todd states

> That in the State of North Carolina it is accepted medical
> practice that if a patient comes into your office complaining
> of severe pains in the right lower quadrant of his abdomen,
> running a fever and vomiting, he should be checked for ap-
> pendicitis, a white blood count should be taken, his abdomen
> should be examined, and particularly the right lower
> quadrant should be examined to see whether or not it is
> tender.

Although the affidavit of Dr. Stewart Todd may be sufficient to
establish the accepted standard of medical care for a doctor in his
office, it does not establish the standard of care for a nurse in a
hospital. Plaintiff's affidavit states that the nurse called plaintiff's
family physician, Dr. Morgan, and "advised him of plaintiff's com-
plaints." Similarly plaintiff's mother's affidavit states that the
nurse "conversed extensively" with Dr. Morgan. There is no alle-
gation that the nurse did not accurately inform the doctor of
plaintiff's actual symptoms. On the contrary, paragraph 23(a)
of plaintiff's verified complaint states that Dr. Morgan was told
that plaintiff was "suffering from a severe abdominal pain and
vomiting." Plaintiff has not claimed that the conduct of the nurses
in calling the family physician, in advising the physician of plain-
tiff's complaints and in following the doctor's instructions was in
negligent violation of accepted standards of medical practice in
the community.

The gist of plaintiff's contention that the nurse or nurses
were negligent is that they failed to recognize the possibility of
appendicitis and failed to report this possibility to Dr. Morgan.
We point out, however, that "[t]he law contemplates that the
physician is solely responsible for the diagnosis and treatment of
his patient. Nurses are not supposed to be experts in the tech-
niques of diagnosis or the mechanics of treatment." *Byrd v.
Hospital,* 202 N.C. at 341-42, 162 S.E. at 740. There is no expert
testimony to the effect that a nurse on the basis of the symptoms
of severe abdominal pain and vomiting could not reasonably con-
clude that plaintiff was suffering from flu, gastroenteritis or
numerous other stomach ailments rather than appendicitis. Nor is
there any evidence that the nurse did not exercise her best judg-
ment in concluding that it was not appendicitis. The mere fact

that plaintiff's mother suggested appendicitis does not indicate that the nurse negligently exercised her professional knowledge in concluding otherwise.

Plaintiff also asserts that the nurse or nurses were negligent in stating to Dr. Morgan that it was not appendicitis without making an examination or taking blood tests. Again, plaintiff does not support his position by expert testimony to show whether, under the circumstances, it would have been an accepted standard of medical practice in the community for a nurse in the emergency room to make such an examination or order tests. Plaintiff has given no forecast, by expert testimony or otherwise, of any evidence that the nurse or nurses negligently violated an accepted standard of medical care in the community or that they failed in their duty to exercise reasonable care and their best judgment in the treatment of the plaintiff.

The trial court's entry of summary judgment on plaintiff's claim of negligence on the part of defendant St. Luke's Hospital is

Affirmed.

Judge ERWIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The plaintiff in this case presented a sufficient forecast of evidence for him to succeed under two theories of hospital negligence—*respondeat superior* and corporate negligence. Upon motion for summary judgment the burden is on the moving party to show that no genuine issue as to any material fact exists. *Conner Co. v. Spanish Inns*, 294 N.C. 661, 242 S.E. 2d 785 (1978). The movant can satisfy his burden either by proving that an essential element of the opposing party's claim is nonexistent or by showing, through discovery, that the opposing party cannot produce evidence to support an essential element of its claim. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Summary judgment is rarely appropriate in negligence actions. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

The majority first bases its opinion on the failure of the plaintiff appellant to include interrogatories which may have been relied upon by the trial court in the record on appeal. The record does, however, contain plaintiff's verified complaint and three of plaintiff's affidavits in opposition to defendant's motion for summary judgment. Defendant submitted no affidavits in support of its motion for summary judgment. Plaintiff's affidavits allege that the personnel staffing defendant's emergency room at no time performed a physical examination of plaintiff despite the fact that plaintiff was extremely nauseated, vomited violently and felt an intensified pain in his abdomen. The affidavit of Dr. Stewart Todd stated that the accepted medical practice for the treatment of such symptoms involved a check for an appendicitis, including the taking of a white blood cell count. Thus, plaintiff had presented a substantial forecast of evidence showing that his injuries were caused by a breach of duty on the part of the defendant hospital. Plaintiff's failure to include his answers to defendant's interrogatories no doubt leaves the record incomplete, but the disputed material issues of fact are nevertheless plain to see.

The majority also bases its decision upholding the granting of defendant's motion for summary judgment on the ground that plaintiff did not present a sufficient forecast of evidence that nurses employed by the defendant had breached their duty of reasonable care to the plaintiff. The evidence shows that the nurse who cared for plaintiff advised the only physician she telephoned that plaintiff had no symptoms of appendicitis. In addition, plaintiff's affidavits show that the physician left the ultimate decision to the nurse. Plaintiff's mother stated that the physician, over the telephone, prescribed two shots, and ordered that plaintiff be kept thirty minutes and sent home if he seemed to be better. The shots were administered and in thirty minutes plaintiff was sent home. This evidence is sufficient to present a forecast of evidence showing that defendant may be liable to the plaintiff under the theory of *respondeat superior*.

We recently held that North Carolina has adopted the doctrine of "corporate negligence" for hospital liability. *Bost v. Riley,* 44 N.C. App. 638, 261 S.E. 2d 391 (1980), *disc. rev. denied,* 300 N.C. 194, --- S.E. 2d --- (6 May 1980). Under this theory, a hospital owes its patients a direct duty to use reasonable care in their treatment. The affidavit of Dr. Todd presents a sufficient

Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.

forecast of evidence of the failure of the defendant hospital to use reasonable care in the emergency room treatment of plaintiff.

Summary judgment is an extreme remedy, and should be awarded only where the truth is quite clear and undisputed. *Edwards v. Means*, 36 N.C. App. 122, 243 S.E. 2d 161 (1978), *disc. rev. denied*, 295 N.C. 260, 245 S.E. 2d 777 (1978). I would reverse the trial court's granting of summary judgment in the defendant hospital's favor.