BUDDY SEXTON AND WIFE, NANCY SEXTON v. CLOYD BOLICK AND WIFE, ROSE BOLICK

No. 8224SC1186

(Filed 18 October 1983)

**Torts § 1— failure to show existence of duty—directed verdict improperly denied**

 In an action which was pled and tried in tort and in which plaintiffs sought damages for damage caused to their trees by defendants' horses running at large, in order to establish negligence on the part of defendants it was imperative that plaintiffs show a breach of some duty, and the record was devoid of any evidence of any duty on the part of the defendants. Therefore, defendants' motion for a directed verdict at the close of the evidence should have been granted.

APPEAL by defendant from *Allen (C. Walter), Judge.* Judgment entered 10 June 1982 in Superior Court, WATAUGA County. Heard in the Court of Appeals 29 September 1983.

In May 1978 plaintiffs began cultivating a number of seedlings on the property of J. D. Harmon for the purpose of selling them as Christmas trees. Plaintiffs had orally agreed to share their profits with Harmon in exchange for the privilege of using his land. This agreement was later reduced to writing on 7 May 1979.

Prior to this agreement, defendants, who owned property adjacent to Harmon, orally agreed with Harmon that the livestock of each would be allowed to graze and roam on the land of the other. At the time that plaintiffs began their tree business, the Harmon property was being used by defendants as a pasture for their four horses and plaintiffs had been told of this agreement by Harmon. In addition, Harmon told plaintiffs that he would be unable to build a fence between his property and that of defendants.

Plaintiffs testified at trial that defendants promised to build a fence to keep the horses off of the Harmon property, but failed to do so until 1980. Plaintiffs constructed an electric fence around their trees in 1978, but the fence proved inadequate as the horses entered the property in 1978, 1979 and 1980. Plaintiffs testified that they lost 2,642 trees at two dollars per tree in 1979 and 3,421 trees at three dollars per tree in 1980 due to the horses being in

the pasture and stepping on and eating the trees. Plaintiffs did not claim damages for the time period following the date when defendants erected the fence.

At the close of plaintiffs' evidence, and again at the close of all of the evidence, defendants moved for a directed verdict on the ground that plaintiff failed to establish a *prima facie* case of negligence against the defendants and on the ground that plaintiffs established their own contributory negligence as a matter of law. Both motions were denied. The jury returned a verdict for plaintiffs in the amount of $3,750. From that verdict, defendants appealed.

*Randal S. Marsh for plaintiff-appellees.*

*Morris, Golding and Phillips, by William C. Morris, Jr., John C. Cloninger and Kathy G. Lindsay for defendant-appellants.*

ARNOLD, Judge.

Defendants contend that the trial court erred in denying their motion for directed verdict. They allege that plaintiffs failed to prove facts or circumstances which would establish that defendants did in fact have a duty to keep their horses from "running at large." We agree and hold that defendants' motion for directed verdict should have been granted at trial.

This case was pled and tried in tort. In order to establish negligence on the part of defendants it was imperative that plaintiffs show a breach of some duty. *Jenkins v. Stewart and Everette Theatres, Inc.,* 41 N.C. App. 262, 254 S.E. 2d 776, *cert. denied,* 297 N.C. 698, 259 S.E. 2d 295 (1979). *See* W. Prosser, Torts § 30 (4th ed. 1971).

The evidence in the record before us shows that plaintiffs and defendants both had a right to use the property for their own particular purposes. Defendants had been granted permission from Harmon to use the land as grazing pasture for their horses. Plaintiffs were subsequently allowed to use the same land for the purpose of growing Christmas trees, and although that agreement was later reduced to writing there is no evidence that the writing in any way revoked the prior agreement with defendants, or that it was even relevant as between these parties.

G & M Sales v. Brown

In fact, we are unable to determine what rights and duties were bestowed upon plaintiffs by their agreement with Harmon since it does not appear in the record at all. We are bound by the record and find no evidence of any duty on the part of defendants. For that reason defendants' motion for directed verdict was improperly denied.

Reversed.

Judges WELLS and EAGLES concur.