861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred Gene DAVIS, Gerald Wayne Hancock, Plaintiff-Appellees,
v.
Tucker W. MCLAUGHLIN, Defendant-Appellant.
 No. 87-3085.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Oct. 4, 1988.
 
 Richard Douglas Ramsey (Ramsey & Grace on brief) for appellant.
 Douglas George Eisele (Eisele & Ashburn, P.A. on brief) for appellee.
 Before WIDENER and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, Tucker McLaughlin, appeals summary judgment for the plaintiffs in this action to accelerate two promissory notes. We agree with the district court that McLaughlin defaulted on the notes, and that the plaintiffs were entitled to accelerate payment. We therefore affirm.
 
 I.
 
 2
 In 1981 McLaughlin purchased stock from the plaintiffs under a contract which was finalized in Virginia. As part of the sale, McLaughlin made two notes in favor of the plaintiffs. The notes contained acceleration clauses, which permitted the holders to accelerate at their election upon any default by McLaughlin. The notes also contained provisions for attorney's fees of 15 percent. The first note was payable to Fred Davis in the amount of $122,500.00 and the second was payable to Gerald Hancock for $81,653.00. McLaughlin began making monthly payments under the notes on January 2, 1984. McLaughlin made these payments on time through October 2, 1985.
 
 
 3
 This dispute arose when McLaughlin was late with the November 2, 1985 payments. McLaughlin tendered payment to Davis in December 1985, but the bank returned that check for insufficient funds. McLaughlin then tendered another check on another bank, as payment for November and December, but this was returned for the same reason. McLaughlin tendered payment on January 3, 1986, by a check drawn on his son's bank account, but Davis refused to accept it.
 
 
 4
 McLaughlin was late on the November and December 1985 payments to Hancock, and he tendered these payments on January 3, 1986. Hancock, as Davis had done, refused that tender. The plaintiffs elected to exercise their option to accelerate the notes and instituted a diversity action on January 7, 1986 to collect the entire debt.
 
 
 5
 During the litigation of that suit, McLaughlin continued to tender each monthly payment as required by the notes. Each time, however, on the advice of counsel, the plaintiffs returned the payments. On January 16, 1986, McLaughlin wired a payment directly to the plaintiffs' bank account. The plaintiffs returned the payment. In June 1986, McLaughlin wired another payment, of $2126.79, directly to the plaintiffs' account. This time the plaintiffs deposited the payment into an escrow account, where it remains.
 
 
 6
 On July 11, 1986, the district court granted McLaughlin's motion for summary judgment, and held that McLaughlin's January 1986 attempt to tender payment of the amounts past due cured the November and December defaults, so the plaintiffs were not entitled to accelerate the notes.
 
 
 7
 On July 17, 1986, plaintiffs' attorney by letter demanded that defendant immediately bring the notes current through the June 1986 payment and also demanded that all future installments be paid as due by cash, bank check or money order. McLaughlin refused to bring the notes current and stated that the plaintiffs already had refused timely payments. McLaughlin further took the position that he had no obligation to pay the installments due between November 1985 and July 1986 until the end of the 96 installments provided in the notes. The plaintiffs then appealed and this court affirmed summary judgment for McLaughlin and held that tender of past-due payments prior to notice of acceleration bars the payee from accelerating the maturity of the entire indebtedness. Davis v. McLaughlin, No. 86-3098 (4th Cir. April 2, 1987).
 
 
 8
 At the time the plaintiffs filed appeal in the first action, they instituted another diversity action in the district court and alleged a new default by McLaughlin in failing and refusing to bring the notes current by making the past due payments for November 1985 through May 1986. Again plaintiffs sought to accelerate and collect the entire amount of the notes, and no tender of the back payments has been made by defendant.
 
 
 9
 The district court granted the plaintiffs' motion for summary judgment, holding that the July 17, 1986, letter constituted a demand for payment, and that McLaughlin had refused payment. Since McLaughlin had made no attempt to cure before receiving this notice of the intent to accelerate, the plaintiffs were entitled to accelerate and collect the entire debt. The district court also ordered that McLaughlin pay attorney's fees of 15 percent, pursuant to the provisions in the note. The court awarded Davis a total of $106,301.54, and Hancock a total of $81,483.31.
 
 
 10
 McLaughlin appealed.
 
 II.
 
 11
 McLaughlin argues first that the district court erred in not dismissing the second suit under principles of res judicata.
 
 
 12
 The issue in the first suit was whether McLaughlin was in default for missing the November and December 1985 payments. The court held the balance could not be accelerated, because the plaintiffs did not give notice of their intention to accelerate prior to the default being cured by tender of the past due payments.
 
 
 13
 The issue in the present suit is whether McLaughlin defaulted in July 1986, by not paying the payments then in arrears. In a case involving time payments, the question of default may change as each payment becomes due. A debtor may default on one payment, and make the next payment, but the question is whether a default entitles the holder to accelerate the balance due. Although the failure to pay the November and December 1985 payments is involved in both suits, the present suit also claims a default and the right to accelerate because of defendant's failure to pay the January, February, March, April and May 1986 payments. The defendant has made no tender of payment for these months, so the acts are not the same. There is no res judicata bar to the present action, because the issues now before the court have not been previously adjudicated.
 
 III.
 
 14
 Appellant claims that there has not been an unconditional demand for payment of these past due installments, and without such a demand, there can be no acceleration. He contends that the letter of July 11, 1986 was a settlement offer and was not an unconditional demand. However, this is not important to the final result. McLaughlin was in default on the January through May installments, and he has made no tender of these installments. The present suit was brought asking for acceleration, and the filing of the action is the affirmative action evidencing the holder's election to take advantage of the acceleration clause. (See, Davis & Hancock v. McLaughlin, No. 86-3098, 4th Cir. decided April 2, 1987, unpublished).
 
 IV.
 
 15
 The appellant's final exception relates to the awarding of attorney's fees, which he claims was improper under North Carolina law. The notes were executed in Virginia and were given for the purchase of the common stock of a Virginia corporation. Under Virginia law the holder of a promissory note, which contains a provision for payment of attorney's fees for collection, may recover fees as provided in the note. Schwab v. Norris, 217 Va. 582, 231 S.E.2d 222 (1977). Under North Carolina law the trial court looks to the law of the state in which the instrument was executed to determine if attorney's fees may be awarded. Nytco Leasing, Inc. v. Dan-Cleve Corp., 31 N.C. app. 634, 230 S.E.2d 559 (1976). Therefore, the district did not err in allowing attorney's fees as provided in the notes.
 
 
 16
 For the foregoing reasons, the decision of the district court is affirmed.
 
 
 17
 AFFIRMED.