CALABRIA, Judge.
Judi M. Faw ("plaintiff") appeals the trial court's determination that her claims against Lacy Joseph Hoover ("defendant") are barred by the statute of limitation and that defendant is entitled to summary judgment. We reverse and remand.
The instant case arose from difficulties plaintiff encountered in February 2003 while attempting to sell a 1991 Mercedes Benz (the "vehicle"), which she purchased from defendant on or about 16 February 1999. Plaintiff's difficulties were caused when the prospective buyer found a "Salvage Certificate" recorded for the vehicle in New York on or about 7 May 1992. Defendant acquired the vehicle from National Auto Exchange, Inc., ("National") on 14 October 1992. On the same day, defendant executed a "Buyer Beware" disclosure, which stated National dealt "in auto & truck salvage . . . [and] any vehicle bought from [National] can be considered to be or to have been either wrecked - flood - fire - (theft - stripped) unless otherwise described below." The disclosure described the vehicle's damage as "motor damaged & replaced."
The vehicle's Certificate of Title issued by the North Carolina Department of Motor Vehicles (the "DMV") to National and transferred from National to defendant did not designate the vehicle a "Salvage Motor Vehicle," and the space for indicating that past repairs to the vehicle had exceeded twenty-five percent of the vehicle's fair-market value was blank. National filed an "Affidavit of Rebuilder" with the DMV, as required to retitle damaged vehicles, which disclosed that the total cost of repairing the vehicle had been $3,280 and that the vehicle's fair market value, based on valuation by the National Automobile Dealers Association pricing guide, was $51,800. The vehicle's Certificate of Title issued by DMV to defendant and transferred from defendant to plaintiff also did not designate the vehicle a "Salvage Motor Vehicle," and the space for indicating that repairs to the vehicle had exceeded twenty-five percent of the vehicle's fair-market value was also blank.
On 6 June 2003, plaintiff filed suit against defendant seeking damages under: (1) N.C. Gen. Stat. § 20-348 (2003) for defendant's failure to disclose that the vehicle was a salvage motor vehicle as required by N.C. Gen. Stat. § 20-71.4(a)(2) (2003) and (2) Chapter 75 of the North Carolina General Statutes for unfair and deceptive trade practices. Defendant filed a motion to dismiss arguing, inter alia, that plaintiff's claims were barred by the applicable four-year statute of limitation. On 21 October 2003, the trial court considered defendant's motion as a motion for summary judgment and, based on the statute of limitation, granted summary judgment to defendant, finding: "Plaintiff argues that Plaintiff had no reason to know of the circumstances alleged by Plaintiff as a basis for its action in fraud, but a potential buyer found out in short order. Plaintiff could have reasonably discovered the alleged defect with reasonable diligence."
Plaintiff asserts the trial court erred by barring her claims based on the statute of limitation and by granting summary judgment to defendant on that basis. A four-year statute of limitation applies to claims under N.C. Gen. Stat. § 20-348 and claims for unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statutes. N.C. Gen. Stat. § 20-348(b); N.C. Gen. Stat. § 75-16.2 (2003). In the instant case, both actions are based upon an alleged fraud, and it is well established that, "[f]or actions based on fraud, [the statute of limitation begins to run] at the time the fraud is discovered or should have been discovered with the exercise of reasonable diligence." Nash v. Motorola Communications and Electronics, 96 N.C. App. 329, 331, 385 S.E.2d 537, 539 (1989).
A motion for summary judgment is properly granted where the moving party establishes "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). "In ruling on the motion, the court must consider the evidence in the light most favorable to the [nonmoving party], who is entitled to the benefit of all favorable inferences which may reasonably be drawn from the facts proffered." Averitt v. Rozier, 119 N.C. App. 216, 218, 458 S.E.2d 26, 28 (1995). "If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper." Leasing, Inc. v. Dan-Cleve Corp., 31 N.C. App. 634, 637-38, 230 S.E.2d 559, 561 (1976). "When plaintiff should, in the exercise of reasonable care and due diligence, have discovered the [alleged] fraud is a question of fact to be resolved by the jury." Feibus & Co. v. Construction Co., 301 N.C. 294, 304-05, 271 S.E.2d 385, 392 (1980).
In the instant case, the trial court expressly based summary judgment on the applicable statute of limitation, finding: "Plaintiff could have reasonably discovered the alleged defect with reasonable diligence." However, taking the evidence in the light most favorable to plaintiff, in particular the vehicle's clear North Carolina title history, a reasonable inference may be drawn that reasonable diligence would not have led plaintiff to discover the vehicle's New York title history or that its engine had been replaced. Accordingly, the evidence raises an issue of material fact, which requires resolution by a jury, regarding when plaintiff, in the exercise of reasonable diligence, should have discovered the vehicle's history and therefore the alleged fraud. For the foregoing reasons, we hold the trial court erred by granting summary judgment to defendant on the basis of the statute of limitation. We reverse and remand the cause for further proceedings before the trial court.
Reversed and remanded.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).